(No. 27053.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EUGENE KOBYLAK, Plaintiff in Error.

*Opinion filed May 20, 1943—Rehearing denied Sept. 15, 1943.*

ELLIS & WESTBROOKS, CLAUDE W. B. HOLMAN, JOSEPH J. ATTWELL, JR., and RICHARD K. COOPER, (RICHARD E. WESTBROOKS, of counsel,) for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

On January 5, 1942, an information was filed against the plaintiff in error in the municipal court of Chicago, charging him with the offense of reckless driving, the

offense of driving a motor vehicle while under the influence of intoxicating liquor, in violation of section 47 of the Uniform Act Regulating Traffic, (Ill. Rev. Stat. 1941, chap. 95½, par. 144,) and also charging him with leaving the scene of an accident after having caused injury to the complainant and two other pedestrians, and without complying with section 36 of the statute. After the information was filed and the plaintiff in error arrested, he appeared by attorneys and filed a motion for discharge on the grounds that he was charged with an offense in excess of the jurisdiction of the municipal court of Chicago; that upon conviction under said section 47, the defendant was liable to punishment by fine, sentence and forfeiture or suspension of his driver's license; and that the municipal court of Chicago has no jurisdiction of any criminal offense which is punishable by fine, sentence and some additional penalties.

The plaintiff in error further claimed that the prosecution on an information instead of by indictment was a violation of his rights under sections 2 and 8 of article II of the constitution of the State of Illinois, and also a violation of his rights under the fourteenth amendment of the Federal constitution, in that it deprived the plaintiff in error of due process of law. The motion to dismiss was denied, as was also a motion to quash the information. Defendant was arraigned and stood mute whereupon the court entered a plea of not guilty. A jury trial was waived and the cause was submitted to the court without a jury. At the conclusion of the testimony the court found the defendant guilty in manner and form as charged in the information. Motions for a new trial and in arrest of judgment were overruled. The defendant made application for probation which application was denied. The court in entering judgment against the defendant found that the defendant was guilty of the offense of operating a motor vehicle upon a public highway of this State while intoxicated or under the influence of narcotic drugs. The

defendant was sentenced to confinement in the county jail of Cook county for six months. The final paragraph of said section 47 reads as follows: "The Secretary of State shall revoke the chauffeur's license of any person convicted under this section."

The main question in the case and one which is argued with much emphasis by the plaintiff in error is whether or not the municipal court had jurisdiction of an offense which is punishable by fine, imprisonment, and a forfeiture or suspension of a driver's license. It is his contention that where the punishment consists of a fine and imprisonment and any additional penalty, the offense can be prosecuted only by indictment; that the prosecution of such offense by information in the municipal court is void and violates sections 2 and 8 of article II of the Illinois constitution and the fourteenth amendment of the Federal constitution. Section 8 of article II of the Illinois constitution provides that, "No person shall be held to answer for a criminal offense, unless on indictment of a grand jury, except in cases in which the punishment is by fine, or imprisonment otherwise than in the penitentiary, etc." As authority for his position he relies mainly upon *People* v. *Russell*, 245 Ill. 268, and *People* v. *Harshbarger*, 296 Ill. App. 396. In the *Russell case* a defendant was convicted in the municipal court of Chicago on an information which charged her with petty larceny. Under the common law a conviction for larceny rendered a defendant infamous and there followed a loss of civil rights, which practically deprived the convict of his citizenship unless restored thereto by a pardon. At that time there was no distinction between grand and petty larceny. A statute has been passed since then, removing petty larceny from the class of infamous crimes. In the *Russell case* the deprivation of substantial civil rights was declared to be a penalty and additional punishment for the crime and therefore could be prosecuted only upon an indictment by a grand jury. In the *Harsh-*

*barger case* it was held that the municipal court had no jurisdiction to try a case where as a part of the penalty for malfeasance, the defendant was removed from office as highway commissioner, following the rule laid down in the *Russell case.*

We do not think the reasoning of the *Russell case* is controlling here. The revocation of the driver's license for one year by the Secretary of State is part of the regulatory measures under the police power of the State governing traffic upon the highways. It is no part of the punishment administered by the court, and does not constitute the loss of any property or civil right.

In *State* v. *Harris*, 52 N. W. (Minn.) 387, the Supreme Court of Minnesota held that the expressly authorized revocation by the court of a license to sell intoxicating liquors, upon conviction of the licensee of a violation of the ordinance, does not mean "punishment" within the meaning of the constitution, so as to remove such cases beyond the jurisdiction of justices of the peace. In passing upon the question the court said, "This provision relating to the revocation of licenses does not render the ordinance void, nor does it change the grade of the offense or of the punishment so as to place such causes beyond the jurisdiction of the Municipal Court." In further commenting upon the theory of the defendant that he could not be held to answer such charge unless on the indictment of a grand jury, the court said, "The fault of the argument lies in the premises that the revocation of the license is a punishment within the meaning of the word in the clause of the constitution defining the limit of the jurisdiction of the justice of the peace. It is not punishment in that sense of the word. The license is a mere privilege conferred to pursue a business which is peculiarly subject to police regulation and control. * * * It may be legally revoked without judicial proceedings." This case was discussed in the *Russell case*. This court merely distinguished the holding in that

case from one where a substantial loss of civil rights was a part of the penalty. The Supreme Court of Minnesota later in passing upon the revocation of a driver's license had occasion to approve and reaffirm the language used in *State* v. *Harris,* 52 N. W. (Minn.) 387, in stating, "The revocation of a license in such case is an incidental consequence and is not to be considered as punishment for the offense." (*State ex rel. Connolly* v. *Parks,* 273 N. W. (Minn.) 233.) To the same effect is *Commonwealth* v. *Funk,* 186 Atl. (Penn.) 65.

The plaintiff in error also urges that count 2 of the information, charging the offense of driving an automobile while under the influence of intoxicating liquor, is void in that it fails to comply with the constitution in stating "In the name and by the authority of the People of the State of Illinois" at the beginning, or concluding with, "Against the peace and dignity of the same." It is conceded that the beginning and ending of the information contained all the constitutional requirements and the objection is frivolous and unsound.

To the objection that the information is vague, indefinite and uncertain we reiterate what has many times been stated by this court, "We have repeatedly held that an indictment or information is sufficient if it is specific enough to notify the accused of the charge he is to meet and to enable him to prepare his defense." (*People* v. *Shaver,* 367 Ill. 339.) We believe the information in this case fully meets such requirements.

Finding no substantial error in the record and that plaintiff in error's constitutional objections are unsound, the judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*