**People of the State of Illinois, Plaintiff-Appellee, v. David Jenkins, Defendant-Appellant.**

Gen. No. 11,207.

Fourth District.

August 31, 1970.

Duane L. Traynor, Traynor & Hendricks, of Spring-field, for appellant.

Richard A. Hollis, State's Attorney of Sangamon County, of Springfield (Charles Anthony Packard, Assistant State's Attorney, of counsel), for appellee.

EOVALDI, J., delivered the opinion of the court.

Defendant appeals from his conviction on a charge of driving an automobile while under the influence of intoxicating liquor. His conviction of this misdemeanor resulted in a fine of $100.

The record discloses that at 1:40 a. m. on July 10, 1969, the defendant was arrested by a State trooper and taken to the Sangamon County jail, having been charged with driving while under the influence of intoxicating liquor. At 10:00 a. m. on the same date, he was arraigned before a magistrate in the circuit court. The magistrate informed the defendant of the nature of the charge against him, advised him of his right to remain silent, and advised him that he was entitled to a trial by jury and that he was entitled to counsel of his own choosing. The magistrate also advised the defendant of the possible penalty that could be imposed by the court for the charged offense.

Following this admonition, the defendant informed the magistrate that he was not represented by counsel and had no desire to obtain a lawyer.

The defendant then pleaded guilty to the charge of driving an automobile while under the influence of intoxicating liquor. Following his plea but prior to the imposition of sentence, the defendant stated to the magistrate:

"I also wish to state for the record that while I was in the Sangamon County jail I was refused to the right to make a phone call, and I was refused to the right of counsel."

The court again inquired of the defendant as to whether or not he desired to retain counsel. The defendant re-

plied in the negative and advised the court that this was his first offense.

Following this colloquy, the defendant signed a waiver of a jury trial and entered a written plea of guilty. The magistrate assessed a fine in the amount of $100, the minimum fine, which fine the defendant paid.

Four days later, the defendant filed a verified petition to vacate the judgment of conviction and sought leave to withdraw his plea of guilty. This petition was heard on July 23, 1969, and denied. This appeal follows.

It is the defendant's contention in this appeal that his civil rights were so violated as to require this court to discharge him, or he contends that we should hold that the trial court abused its discretion in refusing to grant the defendant's petition to vacate the judgment of conviction. It is further asserted that the trial court erred in accepting a plea of guilty from the unrepresented defendant where the trial court failed to advise him of all of the consequences of the plea.

Our review of this record persuades us that the defendant was fully admonished as to all of the judicial consequences that could flow from his plea of guilty. The plea of guilty was voluntarily made.

██ We are not persuaded that the plea of guilty was in any way induced by the refusal to allow the defendant access to a telephone, and the record clearly demonstrates that the defendant had ample opportunity to obtain a lawyer. There is no suggestion whatsoever in this record that any of the proceedings in the trial court were other than proper. See People v. Scott, 43 Ill2d 135, 251 NE2d 190 (1969).

██ The defendant also contends that the court did not sufficiently advise him of the consequences of his plea of guilty because he was not told that a plea of guilty would result in the revocation of his driver's license. A revocation of a driver's license for one year by the Secretary of State is part of the regulatory mea-

sures under the police power of the State governing traffic upon the highways, but it is no part of the punishment administered by the court and does not constitute loss of any property or civil right. People v. Kobylak, 383 Ill 432, 50 NE2d 465 (1943).

■ ■ The provision of the statute requiring the court to advise a defendant of the consequences of his plea means those consequences which constitute punishment to be imposed by the court. People v. Thomas, 41 Ill2d 122, 242 NE2d 177 (1968). It is not necessary that a court advise a defendant of the innumerable side effects which are not part of a sentence to be judicially imposed.

In his reply brief, defendant requests that his motion to withdraw his guilty plea be treated as a motion under section 72 of the Civil Practice Act (Ill Rev Stats 1967, c 110, § 72). An inspection of the record discloses that no facts are presented either in the motion to withdraw his plea or in the defendant's affidavit attached thereto which are sufficient to bring this case within section 72 of the statute.

■ ■ Upon a careful review of the proceedings, we find that the trial court properly admonished the defendant of the consequences of his plea of guilty to the misdemeanor charged; that defendant's plea was voluntarily made; that the admonition of the trial judge was sufficient; and that the trial judge was correct in denying defendant's petition to vacate the judgment of conviction.

Judgment affirmed.

CRAVEN, P. J. and TRAPP, J., concur.