THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DOUGLAS N. WASHBURN, Defendant-Appellant.

Third District   Nos. 3—89—0012 through 3—89—0015

Opinion filed January 10, 1990.—Rehearing denied June 14, 1990.

Kenneth A. Kozel, of Petz & Kozel, of La Salle, for appellant.

Joseph Navarro, State's Attorney, of Ottawa (Terry A. Mertel and John X. Breslin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

Following a jury trial, defendant Douglas N. Washburn, Jr., was found guilty of speeding (Ill. Rev. Stat. 1987, ch. 95½, par. 11—601) and driving with a breath-alcohol concentration of .10 or more (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(1)). The defendant was found not guilty of driving under the influence of alcohol. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2).) The defendant was sentenced to a fine of $750 and a one-year term of probation. Defendant also had his driver's license revoked by the Secretary of State. Defendant appeals.

The record reveals the following information. Defendant was southbound on Illinois Route 351 near U.S. Route 6 at approximately 1:55 a.m. on May 17, 1988. Illinois State trooper Tim Reppin was northbound on Route 351 and observed the defendant's vehicle coming toward him. Trooper Reppin estimated that the defendant was travelling in excess of the posted 30-mile-per-hour speed limit and activated his radar unit. The radar unit indicated that the defendant was travelling 37 miles per hour. The trooper allowed the defendant's automobile to pass, made a U-turn and eventually stopped the defendant several blocks away.

The defendant displayed behavior and symptoms consistent with being under the influence of alcohol. As a result, Trooper Reppin asked the defendant to perform several field sobriety tests. The defendant was unable to satisfactorily complete these tests. Trooper Reppin then placed the defendant under arrest for driving under the influence of alcohol and speeding.

The defendant was administered a breathalyzer test at 2:27 a.m. The test results indicated that the defendant's blood-alcohol content, as measured from his breath, was .17. Later the same day, the defendant was charged by complaint with driving with an alcohol concentration in his breath of .10 or more.

At trial the defendant's wife testified that at 3 a.m. on May 17, 1988, the defendant appeared to be "in control." The defendant testified that he had been at his brother's house the night in question and that he had consumed some alcoholic beverages prior to 11 p.m. At approximately 2 a.m., the defendant left his brother's house to check on the closing of a tavern he owned in La Salle. The defendant testified that his difficulty in performing the field sobriety tests was the

result of an operation that he had that replaced a bone in his neck with a piece of bone from his hip. The defendant also testified that he wears a bottom plate denture; that this denture retains odors; and that this was why the trooper smelled alcohol on his breath.

The jury returned a guilty verdict in regard to the speeding and driving with an alcohol concentration in the breath of .10 or more charges and a not guilty verdict in the driving under the influence charge. Defendant appeals, raising several errors.

The defendant initially contends that no probable cause existed to stop his vehicle. The defendant maintains that the stop of his vehicle was a roving patrol sham stop and was, therefore, illegal. We cannot agree.

A traffic violation generally provides sufficient basis to warrant an investigatory stop by the police. (*People v. Houlihan* (1988), 167 Ill. App. 3d 638, 521 N.E.2d 277.) In the instant case, Trooper Reppin testified that as the defendant's vehicle approached, he estimated that it was travelling at a speed in excess of the posted speed limit of 30 miles per hour. The trooper activated his radar unit, which indicated that the defendant's vehicle was travelling at a speed of 37 miles per hour.

The defendant contends that a difference of seven miles per hour in speed is not discernible. We view it differently and feel that the focus should not be on the seven miles per hour but rather on the relation of the alleged speed to the posted speed limit. In this situation the defendant was travelling 120% of the posted speed limit. We are of the opinion that many people, especially trained law enforcement officers, are able to estimate when a vehicle is travelling in excess of the speed limit. Here, Trooper Reppin had such a suspicion, activated his radar unit and confirmed that suspicion. Since the trooper stopped the vehicle for a discernible traffic violation, probable cause existed for the stop and the stop was lawful.

The defendant next raises three issues attacking the constitutionality of section 11—501 (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501). This section provides, in pertinent part:

"§11—501. Driving while under the influence of alcohol, other drug, or combination thereof.

(a) A person shall not drive or be in actual physical control of any vehicle within this state while:

1. The alcohol concentration in such person's blood or breath is 0.10 or more based on the definition of blood and breath units in Section 11—501.2;

2. Under the influence of alcohol;

3. Under the influence of any other drug or combination of drugs to a degree which renders such person incapable of safely driving; or

4. Under the combined influence of alcohol and any other drug or drugs to a degree which renders such person incapable of safely driving." (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.)

This section also provides that the Secretary of State shall revoke the driving privileges of any person convicted under this section.

■ The defendant first argues that the revocation of a driver's license for driving with an alcohol concentration in the breath of .10 or more is excessive and unconstitutional. The defendant asserts that "driving under the influence of alcohol" is a more culpable offense than "driving with an alcohol concentration in the breath of .10 or more." The defendant argues that since he was only found guilty of the latter offense, it is improper to revoke his driver's license. In effect, the defendant maintains that he is being punished for being under the influence of alcohol when he was convicted of driving with an alcohol concentration in the breath of .10 or more.

The defendant assumes that his revocation of a driver's license is a punishment, *i.e.*, part of his sentence. He is mistaken. The revocation of one's driver's license by the Secretary of State is part of the regulatory measures under the police power of the State governing traffic upon the highways. It is not part of the punishment administered by the court. *People v. Finley* (1974), 21 Ill. App. 3d 335, 315 N.E.2d 229; *People v. Jenkins* (1970), 128 Ill. App. 2d 351, 262 N.E.2d 105; *People v. Kobylak* (1943), 383 Ill. 432, 50 N.E.2d 465.

The State's power to regulate traffic on its highways has long been recognized. (*Chicago Park District v. Canfield* (1939), 370 Ill. 447, 19 N.E.2d 376.) The exercise of such power must bear some substantial relation to the public good. (*Chicago Park District*, 370 Ill. 447, 19 N.E.2d 376.) We are of the opinion that the legislature properly exercised its power in making revocation of a driver's license mandatory regardless of how section 11—501 is violated.

■ The defendant's second contention is that the "punishment," *i.e.*, revocation of his driver's license, to be imposed for driving with an alcohol concentration in the breath of .10 is unconstitutionally vague. As noted above, revocation of one's driver's license is not punishment for the offense, but rather a collateral regulatory consequence of a section 11—501 conviction. What defendant intends to argue on appeal is that section 6—205 (Ill. Rev. Stat. 1987, ch. 95½, par. 6—205 (mandatory revocation of license or permit—hardship

cases)) and section 11—501 (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501) are in conflict such that the defendant did not know that a violation of section 11—501 would result in revocation of his driver's license. The defendant's contention fails to withstand analysis.

Section 6—205 (Ill. Rev. Stat. 1987, ch. 95½, par. 6—205) provides, in pertinent part:

"§6—205. Mandatory revocation of license or permit-Hardship cases. (a) Except as hereinafter provided, the Secretary of State shall forthwith revoke the license or permit of any driver upon receiving a report of such driver's conviction of any of the following offenses:

\* \* \*

2. Violation of Section 11—501 of this Code or a similar provision of a local ordinance relating to the offense of operating or being in physical control of a vehicle while under the influence of alcohol, other drug, or combination thereof \* \* \* ."

The defendant reads this section as "[v]iolation of Section 11—501 of this Code \* \* \* relating to the offense of operating or being in physical control of a vehicle while under the influence of alcohol, other drug, or combination thereof." The defendant contends that since operating a vehicle with an alcohol concentration in the breath of .10 or more is not present in the language, section 6—205 doesn't advise the public that a section 11—501 conviction for operating a vehicle with an alcohol concentration in the breath of .10 or more will result in a revocation of their driver's license.

In construing a statute, a court must ascertain and give effect to the legislature's intent. (*Dornfeld v. Julian* (1984), 104 Ill. 2d 261, 472 N.E.2d 431.) We believe the defendant has misconstrued this section. We think it is clear that the Secretary of State is directed to revoke the license of any person convicted under either section 11—501 *or* a local ordinance similar to section 11—501. This interpretation provides for uniform regulatory treatment throughout the State for persons convicted under section 11—501 or a section 11—501-type local ordinance.

■ The defendant's third attack on the constitutionality of section 11—501 alleges that the aspect of the statute which proscribes driving with an alcohol concentration in the breath of .10 or more is unconstitutionally vague. The appellate court, in *People v. Kappas* (1983), 120 Ill. App. 3d 123, 458 N.E.2d 140, has already addressed this issue. *Kappas* held that the statute in question is an absolute liability offense and that the proscribed conduct, driving with a breath-

alcohol content of .10 or more, is manifestly clear. We agree with this holding and therefore reject the defendant's argument on this point.

The defendant raises several other issues on appeal. After careful consideration of both parties' oral arguments, briefs and the record before us, we are of the opinion that these issues are without merit.

For the reasons listed above, the decision of the circuit court of La Salle County is affirmed.

Affirmed.

HEIPLE, P.J., and BARRY, J., concur.