NOTICE: Under Supreme Court Rule 367 a party has 21 days after the

filing of the opinion to request a rehearing. Also, opinions are

subject to modification, correction or withdrawal at anytime prior

to issuance of the mandate by the Clerk of the Court. Therefore,

because the following slip opinion is being made available prior to

the Court's final action in this matter, it cannot be considered the

final decision of the Court. The official copy of the following

opinion will be published by the Supreme Court's Reporter of

Decisions in the Official Reports advance sheets following final

action by the Court.

                                    

              Docket No. 80560--Agenda 15--September 1996.

         THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ELVIO

                          LAVARIEGA, Appellant.

                     Opinion filed January 30, 1997.

                                    

     CHIEF JUSTICE HEIPLE delivered the opinion of the court:

     Defendant, Elvio Lavariega, was arrested and charged with

driving under the influence of alcohol (hereinafter DUI). 625 ILCS

5/11--501(a)(2) (West 1994). Immediately following his arrest,

defendant refused to consent to or failed to complete a blood-

alcohol test and his driver's license was summarily suspended under

the implied-consent statute. 625 ILCS 5/11--501.1 et seq. (West

1994). The circuit court of Winnebago County refused to rescind the

suspension in a subsequent rescission hearing. Thereafter,

defendant filed a motion to dismiss the DUI prosecution proceeding

against him, arguing that it constituted an attempt to subject him

to an additional punishment for the same offense in violation of

the double jeopardy clauses of the United States and Illinois

Constitutions. After defendant's double jeopardy motion was denied,

defendant filed an interlocutory appeal raising the same argument.

145 Ill. 2d R. 604(f). The appellate court held that the summary

suspension of defendant's driver's license did not constitute

punishment for double jeopardy purposes and therefore that

prosecution for DUI was not barred by the license suspension. No.

2--95--0595 (unpublished order under Supreme Court Rule 23). This

court accepted defendant's petition for leave to appeal (155 Ill.

2d R. 315) and, for the following reasons, we affirm.

                                 ANALYSIS

     Defendant argues that by suspending his driver's license and

subsequently prosecuting him for DUI for the same incident, the

State is violating the prohibition against multiple punishments

contained in the Illinois and United States Constitutions. Ill.

Const. 1970, art. I, §10 ("[n]o person shall *** be twice put in

jeopardy for the same offense"); U.S. Const., amend. V ("[n]o

person *** shall *** be subject for the same offense to be twice

put in jeopardy of life or limb"). As a threshold matter, then, it

must be determined whether the summary suspension of defendant's

license pursuant to the implied-consent statute constitutes

punishment.

     We observe that the Supreme Court has employed different

analyses in determining whether taxes, fines and civil forfeitures

constitute punishment. Considering these, we find that the summary

suspension of a driver's license most resembles the civil

forfeiture of property, though we are cognizant that it is not the

license, per se, that is proceeded against in a summary suspension

proceeding. Accordingly, to determine whether this sanction is

punishment for purposes of the United States Constitution's double

jeopardy clause, we consider whether the General Assembly intended

the proceedings to be civil and, if so, whether the proceedings are

nevertheless so punitive in fact as to persuade the court that the

proceedings may not be legitimately viewed as civil in nature

despite Congress' intent. See United States v. Ursery, 518 U.S.

___, ___, 135 L. Ed. 2d 549, 568, 116 S. Ct. 2135, 2147 (1996),

quoting 89 Firearms, 465 U.S. at 366, 79 L. Ed. 2d at 371, 104 S.

Ct. at 1107 (applying the same analysis to congressional forfeiture

statutes); In re P.S., Nos. 78910, 78944 cons. (January 30, 1997).

If not, then the civil sanction does not constitute punishment.

     Applying this test we initially observe that the General

Assembly expressly provided that the summary suspension proceeding

under the implied-consent statute is a civil proceeding (625 ILCS

5/2--118.1(b) (West 1994) (a summary suspension "hearing shall

proceed in the court in the same manner as in other civil

proceedings" (emphasis added)). A legislature demonstrates its

intent most directly by the procedural mechanisms it establishes to

impose and enforce the sanction. See Ursery, 518 U.S. at ___, 135

L. Ed. 2d at 568, 116 S. Ct. at 2147, citing 89 Firearms, 465 U.S.

at 363, 79 L. Ed. 2d at 368-69, 104 S. Ct. at 1105. Indeed, this

court has previously determined that the summary suspension is a

civil sanction where it ruled that the driver bears the burden of

proof in a summary suspension hearing. People v. Orth, 124 Ill. 2d

326 (1988); see also Ursery, 518 U.S. at ___, 135 L. Ed. 2d at 568-

69, 116 S. Ct. at 2147-48 (finding who bears the burden significant

in determining whether the sanction is civil or criminal).

Accordingly, we find that the legislature intended the sanction to

be civil in nature.

     We next consider whether the statutory summary suspension of

a driver's license under the implied-consent statute is so punitive

that it is equivalent to a criminal proceeding, irrespective of the

legislature's intent. In making this determination, the court

requires the "clearest proof" and considers, inter alia: (1)

whether important nonpunitive goals are advanced by the statute;

(2) whether the civil sanction has been traditionally regarded as

punishment; and (3) whether the civil sanction requires scienter.

Ursery, 518 U.S. at ___, 135 L. Ed. 2d at 570, 116 S. Ct. at 2148-

49.

     Regarding these factors, we first observe that the summary

suspension of a license for the failure to pass a blood-alcohol

test advances the important policy goal of keeping the roads safe

from intoxicated drivers. People v. Esposito, 121 Ill. 2d 491

(1988) (the state has a compelling interest in protecting the

public from drunk drivers). As the statute itself declares:

               "[T]he driver who is impaired by alcohol or other

          drugs is a threat to the public safety and welfare.

          Therefore, to provide a deterrent to such practice and to

          remove problem drivers from the highway, a statutory

          summary driver's license suspension is appropriate." 625

          ILCS 5/6--206.1 (West 1994).

Defendant argues that the statement shows that the suspension is

punishment since it purports to provide a "deterrent" to drunk

driving. However, a civil sanction need not be solely remedial in

order to be nonpunitive under the double jeopardy clause. Ursery,

518 U.S. at ___ n.2, 135 L. Ed. 2d at 566 n.2, 116 S. Ct. at 2145

n.2 ("it is hard to imagine a sanction that has no punitive aspect

whatsoever").

     Also, Illinois courts have traditionally viewed the purpose of

a driver's license suspension as being remedial and nonpunitive.

People v. Kobylak, 383 Ill. 432, 435 (1943) (revocation of a

driver's license is part of the regulatory measures under the

police power of the state governing traffic upon the highways and

is not part of the punishment administered by the court); People v.

Esposito, 121 Ill. 2d 491 (1988) (implied-consent concept and the

statutory summary suspension procedure were intended to protect the

public, not to punish the licensee); People v. Wegielnik, 152 Ill.

2d 418 (1992) (implied-consent statute remedial in that its

overriding purpose is to make the roads safer).

     Finally, we observe that there is no scienter element to the

statutory summary suspension provision, further suggesting that it

is not intended as punishment. 625 ILCS 5/11--501.1 et seq. (West

1994); Ursery, 518 U.S. at ___, 135 L. Ed. 2d at 570, 116 S. Ct. at

2149. Defendant counters that the suspension is punitive because

the statute provides defenses which allow the suspension to be

rescinded, thus indicating the retributive purpose of the statute.

However, as the Court in Ursery noted, the mere presence of

innocence defenses to a civil sanction is irrelevant to whether the

sanction is punitive under the double jeopardy clause. Ursery, 518

U.S. at ___, 135 L. Ed. 2d at 570, 116 S. Ct. at 2149.

     Accordingly, we hold that the summary suspension of

defendant's driver's license was not punishment for purposes of the

United States Constitution's double jeopardy clause. Insofar as

this court has continuously classified the instant summary

suspension proceeding as primarily nonpunitive, with the remedial

goal of making roads safer by removing drunk drivers, we similarly

conclude that the summary suspension is not punishment for purposes

of the Illinois Constitution's double jeopardy clause. See People

v. Orth, 124 Ill. 2d at 337 (suspension proceeding civil in

nature); Esposito, 121 Ill. 2d at 503 (suspension intended to

reduce the risks attendant to drunk driving). Thus there exists no

double jeopardy bar to a subsequent DUI prosecution based on the

same driving incident.

                                CONCLUSION

     For the foregoing reasons, we find that the statutory summary

suspension of a driver's license because of a failed blood-alcohol

test is not punishment for double jeopardy purposes and therefore

does not bar a subsequent criminal prosecution for driving under

the influence of alcohol. We affirm the decisions of the circuit

court and the appellate court.

 Affirmed.