**Richard BLACKWELL, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 53, 1999.**

Supreme Court of Delaware.

Submitted: Aug. 10, 1999.
Decided: Sept. 10, 1999.

Timothy J. Weiler, Assistant Public Defender, Wilmington, Delaware, for appellant.

Thomas E. Brown, Deputy Attorney General, Wilmington, Delaware, for appellee.

Before VEASEY, Chief Justice, HOLLAND and HARTNETT, Justices.

HOLLAND, Justice:

The defendant-appellant, Richard Blackwell ("Blackwell"), entered a guilty plea in the Superior Court to one count of Delivery of a Narcotic Schedule II Controlled Substance. He was sentenced, *inter alia,* to fifteen years of minimum mandatory incarceration at Level V. Blackwell did not file a direct appeal. He did, however, file

a motion to withdraw his guilty plea. This is Blackwell's appeal from the Superior Court's judgment denying that motion.

In this appeal, Blackwell argues that his guilty plea was not knowingly and voluntarily entered because he was not notified that, upon a conviction for delivery of cocaine, his driving privileges would be suspended for two years pursuant to 21 *Del.C.* § 4177(K).[1] Blackwell argues that the Superior Court's refusal to permit a withdrawal of his guilty plea constitutes reversible error. Because Blackwell did not file a direct appeal challenging the validity of his guilty plea, Blackwell is procedurally barred from raising that claim in a Rule 61 motion, unless he can show cause for relief and actual prejudice.[2]

We have concluded that Blackwell has not demonstrated actual prejudice. Therefore, the judgment of the Superior Court must be affirmed.

### Facts

Blackwell was indicted in October 1997 and charged with Delivery of Cocaine,[3] Possession With Intent to Deliver Cocaine,[4] Possession of Cocaine within 300 feet of a Recreation Park,[5] and Resisting Arrest.[6] Blackwell's jury trial began in the Superior Court on January 12, 1999. On the second day of trial, after both the State and the defense had rested, but before the jury was discharged, Blackwell pled guilty to one count in the indictment, Delivery of Cocaine.

Blackwell was sentenced to thirty years imprisonment, suspended after serving a fifteen-year minimum mandatory sentence of incarceration at Level V. If Blackwell had been convicted on all four charges,[7] he faced a minimum mandatory sentence of thirty years, and a potential sentence exceeding 200 years, because he had a prior conviction on his record for Possession With Intent to Deliver. In exchange for Blackwell's guilty plea, the State entered a *nolle prosequi* as to the remaining three charges.

Blackwell was sentenced on January 13, 1999. Blackwell did not file a direct appeal within thirty days of being sentenced.[8] On February 8, 1999, however, Blackwell filed a motion to withdraw his guilty plea, alleging generally that "he did not understand the plea agreement at the time he entered it." This Court's opinion in *Barkley*[9] was issued on February 19, 1999. The Superior Court denied Blackwell's motion to withdraw his guilty plea on February 22, 1999.

### Standard of Review

A motion to withdraw a guilty plea is addressed to the sound discretion of the trial court.[10] Generally, the denial of such a motion is reviewable only for abuse of discretion.[11] An important factor in the exercise of that discretion is the timing of a motion to withdraw a guilty plea.[12] Superior Court Criminal Rule 32(d) provides that if a motion to withdraw a plea of guilty "is made before imposition ... of sentence ... the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only by motion under Rule 61." After sentencing, a motion to withdraw a guilty

1. *See Barkley v. State,* Del.Supr., 724 A.2d 558, 559 (1999).

2. *See* Super.Ct.Crim.R. 61(i)(3); *Younger v. State,* Del.Supr., 580 A.2d 552, 555–56 (1990).

3. 16 *Del.C.* § 4751.

4. *Id.*

5. 16 *Del.C.* § 4768.

6. 11 *Del.C.* § 1257.

7. *See* 16 *Del.C.* § 4763(a)(3).

8. *Eller v. State,* Del.Supr., 531 A.2d 951 (1987).

9. *Barkley v. State,* Del.Supr., 724 A.2d 558 (1999).

10. *Patterson v. State,* Del.Supr., 684 A.2d 1234, 1237 (1996).

11. *Id.*

12. *Id.*

plea constitutes a collateral attack against the conviction and is subject to the requirements of Rule 61, including its bars of procedural default.[13]  Rule 61(i)(3) states:

> Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows (A) cause for relief from the procedural default and (B) prejudice from violation of the movant's rights.

Accordingly, Blackwell's claim is procedurally barred unless he can establish cause for relief and actual prejudice under Superior Court Criminal Rule 61(i)(3).

### Blackwell's Motion
### *Prejudice Not Demonstrated*

■ The initial inquiry under Superior Court Criminal Rule 61(i)(3) is whether Blackwell can show cause for relief from the procedural default of not raising his present argument in a direct appeal.  The record reflects that, at the time of the entry of Blackwell's guilty plea on January 13, 1999, the Superior Court did not advise Blackwell of the automatic two-year suspension of his driver's license that is mandated by 21 *Del.C.* § 4177K(a).  In *Barkley*,[14] this Court held that Superior Court Criminal Rule 11(c) required notification to the defendant at the time of the plea's entry of the penal consequences of 21 *Del.C.* § 4177K(a).  Although that statute pre-existed the imposition of Blackwell's sentence, this Court did not release its decision in *Barkley*[15] until February 19, 1999, several days *after* the time for Blackwell to file a direct appeal had already expired.

Accordingly, the determinative inquiry under Rule 61(i)(3) is whether Blackwell can demonstrate prejudice from not being advised about a two-year loss of driving privileges.  Blackwell cannot establish actual prejudice because lack of knowledge regarding a two-year suspension of his driving privileges would have had no effect on his decision to plead guilty.  As part of Blackwell's guilty plea agreement and colloquy, he was advised that there was a fifteen-year minimum mandatory sentence of incarceration at Level V.  Since Blackwell would not have been able to drive for more than two years, the Superior Court's failure to advise him of the revocation mandated by 21 *Del.C.* § 4177K(a) constituted a harmless error.

### Conclusion

The judgment of the Superior Court is affirmed.

**13.** *Id.*

**14.** *Barkley v. State,* Del.Supr., 724 A.2d 558 (1999).

**15.** *Id.*