IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ABEL MAYMI, | § | |
| | § | No. 313, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware in and |
| | § | for New Castle County |
| v. | § | |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 0410014367 |
| Appellee. | § | |

Submitted: July 3, 2014
Decided: September 25, 2014

Before **STRINE**, Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

**O R D E R**

This 25th day of September 2014, upon consideration of the appellant's

opening brief and the appellee's motion to affirm, it appears to the Court that:

(1)   The appellant, Abel Maymi, filed this appeal from the Superior

Court's May 21, 2014 denial of his third motion for postconviction relief under

Superior Court Criminal Rule 61 ("Rule 61").[1]   The appellee, State of Delaware,

has moved to affirm the judgment of the Superior Court on the ground that it is

---

[1] *State v. Maymi*, 2014 WL 2537000 (Del. Super. Ct. May 21, 2014).

manifest on the face of Maymi's opening brief that the appeal is without merit.[2]
We agree and affirm.

(2)    The record reflects that Maymi pled guilty in May 2005 to one count of Rape in the Second Degree, two counts of Rape in the Third Degree, and one count of Continuous Sexual Abuse of a Child. In September 2005, the Superior Court sentenced Maymi to a total of twenty years incarceration.

(3)    Maymi filed a motion to withdraw his guilty plea in 2008. Maymi alleged that his guilty plea was unknowing and involuntary because the plea agreement and truth-in-sentencing form had not been read to him in Spanish so he could understand them. Because the motion was filed after Maymi's sentencing, the Superior Court properly considered it under Rule 61.[3] By order dated January 14, 2009, the Superior denied the motion after reviewing the guilty plea transcript and concluding that the plea was knowing and voluntary and that there was no evidence of manifest injustice.

(4)    In April 2009, Maymi filed a motion for postconviction relief under Rule 61. The motion was referred to a Superior Court Commissioner. By report and recommendation dated May 12, 2009, the Commissioner determined that the motion raised claims that had been fully addressed on the merits in Maymi's prior

---

[2] Del. Supr. Ct. R. 25(a).

[3] *See* Del. Super. Ct. Crim. R. 32(d) (governing plea withdrawal); *Blackwell v. State*, 736 A.2d 971, 972-73 (Del. 1999).

2

plea withdrawal motion and recommended that the postconviction motion should be denied as procedurally barred under Rule 61(i)(1)-(4) as untimely, repetitive, procedurally defaulted, and formerly adjudicated.[4] Thereafter, upon *de novo* review of the matter and consideration of Maymi's objections to the Commissioner's report and recommendation, the Superior Court accepted the report and recommendation and denied relief. On appeal, we affirmed.[5]

(5) Maymi's second postconviction motion in November 2009 alleged that his counsel was ineffective for failing to file a direct appeal from the 2005 guilty plea. After considering Maymi's ineffective assistance of counsel claim on its merits, a Commissioner submitted a report and recommendation dated December 8, 2009, concluding that the claim was without merit and recommending that the postconviction motion should be denied as without merit and as procedurally barred. After *de novo* review, the Superior Court accepted the Commissioner's report and recommendation and denied relief. On appeal, we affirmed.[6]

---

[4] *See* Del. Super. Ct. Crim. R. 61(i)(1) (barring postconviction motion filed more than one year after the judgment of conviction is final); *id.* at (i)(2) (barring any ground for relief not asserted in a prior proceeding as required under (b)(2)); *id.* at (i)(3) (barring any ground for relief not asserted in the proceedings leading to the judgment of conviction); *id.* at (i)(4) (barring formerly adjudicated claim).

[5] *Maymi v. State*, 2009 WL 3083021 (Del. Sept. 25, 2009).

[6] *Maymi v. State*, 2010 WL 2854264 (Del. July 21, 2010).

(6)    In July 2010, Maymi again alleged, this time in a federal habeas petition, that his counsel was ineffective for failing to file an appeal from the guilty plea. In 2011, the District Court of Delaware denied the petition as time barred[7] and denied a motion for reconsideration.[8]

(7)    Maymi returned to the Superior Court in 2013, filing his third postconviction motion in April 2013 and a supplement to the motion in September 2013. In October 2013, the Superior Court appointed counsel to assist Maymi. Counsel was directed to review and evaluate the matter and file a supplemental or amended postconviction motion or, in the alternative, if appropriate, a motion to withdraw with a supporting memorandum.[9]

(8)    On February 6, 2014, Maymi's counsel filed a motion to withdraw as counsel with a supporting memorandum. Counsel represented that he had carefully reviewed the record and had determined that there were no meritorious claims. Counsel also represented that he sent a copy of the motion and memorandum to Maymi and advised Maymi that he could file a response within thirty days. The record does not reflect that Maymi filed a response to counsel's motion.

---

[7] *Maymi v. Phelps*, 2011 WL 4006645 (D. Del. Sept. 9, 2011).

[8] *Maymi v. Phelps*, 2011 WL 6034480 (D. Del. Dec. 5, 2011).

[9] *See* Del. Super. Ct. Crim. R. 61(e)(2) ("If counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant, counsel may move to withdraw.").

4

(9) By report and recommendation dated March 27, 2014, a Commissioner recommended that Maymi's third postconviction motion should be denied, and that counsel's motion to withdraw should be granted. Thereafter, upon *de novo* review of the matter and consideration of Maymi's objections to the Commissioner's report and recommendation, the Superior Court accepted the report and recommendation and denied Maymi's postconviction motion and granted counsel's motion to withdraw.[10] This appeal followed.

(10) When reviewing a Superior Court denial of postconviction relief, this Court will address any applicable procedural bars before considering the merits of any claim for relief.[11] In this case, having considered the Rule 61(i) procedural bars, the Court has determined, as did the Superior Court, that Maymi's third postconviction motion is barred under Rule 61(i)(1)-(4).[12] On appeal, Maymi has not established that his third postconviction motion involves a colorable claim of a manifest injustice because of a constitutional violation[13] or a newly-recognized retroactively applicable right.[14] Nor has he shown any indication that

---

[10] *State v. Maymi*, 2014 WL 2537000 (Del. Super. Ct. May 21, 2014).

[11] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[12] *See supra* note 4.

[13] *See* Del. Super. Ct. Crim. R. 61(i)(5) (providing that the procedural bars of (i)(1), (2), and (3) shall not apply to a colorable claim that there was a miscarriage of justice because of a constitutional violation).

[14] *See* Del. Super. Ct. Crim. R. 61(i)(1) (providing that an untimely motion may be considered when the movant asserts a newly recognized retroactively applicable right).

5

consideration of his third postconviction motion or his formerly adjudicated claim is warranted in the interest of justice.[15]

(11) We also note that this is Maymi's third Rule 61 petition. We have now invested considerable time detailing our reasons why we conclude that the Superior Court properly found that Maymi's claims were procedurally barred under Rule 61(i)(1)-(4) as untimely, repetitive, procedurally defaulted, and formerly adjudicated. In the future, if Maymi files additional petitions, we do not intend to continue to invest scarce judicial resources in addressing his repetitive claims. We also encourage Maymi to be mindful of subsection (i) of Rule 61.

(12) Having carefully considered the parties' positions on appeal, we conclude that the Superior Court's judgment should be affirmed on the basis of the May 21, 2014 order that adopted the Commissioner's well-reasoned report and recommendation dated March 27, 2014.[16] The Superior Court did not err when determining that Maymi's third motion for postconviction relief was procedurally barred without exception.

---

[15] *See* Del. Super. Ct. Crim. R. 61(i)(4) (providing that a formerly adjudicated claim may be considered "in the interest of justice"). "[A] defendant is not entitled to have a court re-examine an issue that has been previously resolved "simply because the claim is refined or restated."" *Skinner v. State*, 607 A.2d 1170, 1172 (Del. 1992) (quoting *Riley v. State*, 585 A.2d 719, 721 (Del. 1990)).

[16] *State v. Maymi*, 2014 WL 2537000 (Del. Super. Ct. May 21, 2014).

6

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Randy J. Holland*
Justice