SUPERIOR COURT
OF THE

**RICHARD F. STOKES**
*JUDGE*

**SUSSEX COUNTY COURTHOUSE**
**1 THE CIRCLE, SUITE 2**
**GEORGETOWN, DE 19947**
**TELEPHONE (302) 856-5264**

October 24, 2016

Jason Dale Watts
SBI# 244395
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

   RE: *State of Delaware v. Jason Dale Watts*,
    Def. ID# 1503015027

      DATE SUBMITTED: October 19, 2016

Dear Mr. Watts:

   Defendant Jason Dale Watts ("Defendant") has filed his first Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 ("Rule 61").[1] For the reasons expressed below the motion is dismissed.

   On September 23, 2015, Defendant pled guilty to Assault in a Detention Facility. Defendant was sentenced to six years at Level Five for this offense. No direct appeal was filed; therefore, the conviction became final on October 23, 2015.

   On August 29, 2016, Defendant filed this Motion for Postconviction Relief. Defendant makes several claims: (1) his guilty plea was coerced, (2) he was not mentally stable during the commission of the crime because he was not properly medicated while at the Violation of

---

[1] The applicable version of Rule 61 is that effective on June 4, 2014, as amended by an order of this Court dated May 29, 2015.

Probation Center (where the crime occurred), and (3) he was high during the commission of the crime.

The first step in evaluating a motion under Rule 61 is to determine whether any of the conditions listed in Rule 61(i) render the motion procedurally barred.[2] The second and third claims are barred by Rule 61(i)(3). This provision states that "any ground for relief that was not asserted in the proceedings leading up to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows (A) cause for relief from the procedural default and (B) prejudice from violation of the movant's rights."[3] In order to show cause, Defendant has to allege more than the fact that a claim was not raised earlier in the process.[4] Defendant must show that "some external impediment" prohibited raising the claim.[5] Further, to show prejudice Defendant must demonstrate that there was a "substantial likelihood" that, had the claim been raised, the outcome of the case would have been different.[6] In essence,

---

[2] Super. Ct. Crim. R. 61(i) provides:
> (i) Bars to Relief. (1) *Time limitation.* A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.
> (2) *Successive motions.* (i) No second or subsequent motion is permitted under this Rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule. (ii) Under paragraph (2) of subdivision (b) of this Rule, any first motion for relief under this rule and that first motion's amendments shall be deemed to have set forth all grounds for relief available to the movant. That a court of any other sovereign has stayed proceedings in that court for purpose of allowing a movant the opportunity to file a second or subsequent motion under this rule shall not provide a basis to avoid summary dismissal under this rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.
> (3) *Procedural default.* Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows (A) Cause for relief from the procedural default and (B) Prejudice from violation of the movant's rights.
> (4) *Former adjudication.* Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.
> (5) *Bars inapplicable.* The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

[3] Rule 61(i)(3).
[4] *State v. Wescott*, 2014 WL 7740466, at *1 (Del. Super. Ct. Nov. 24, 2014).
[5] *Id.* (citing *Younger v. State*, 580 A.2d 552, 556 (Del. 1990)).
[6] *Flamer v. State*, 585 A.2d 736, 748 (Del. 1990).

2

Defendant has to show that he would not have been convicted if the claim had been raised.[7] Defendant must show both cause and prejudice to overcome the procedural default bar.[8] Here, Defendant did not demonstrate cause or prejudice; therefore, his assertions regarding his mental state are procedurally barred.

Defendant further claims that his guilty plea was coerced, which is, essentially, an ineffective assistance of counsel claim. This claim is not procedurally barred by Rule 61(i), but Defendant still fails to meet the requirements of an ineffective assistance of counsel claim. To prevail on such a claim, Defendant must meet the two-prong test laid out by the United States Supreme Court in *Strickland v. Washington*.[9] *Somerville v. State* laid out the applicable standard in the context of a guilty plea:

> *Strickland* requires a defendant to show that: (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's actions were so prejudicial that there was a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial…[R]eview is subject to a strong presumption that counsel's conduct was professionally reasonable. The purpose of this presumption is to eliminate the distorting effects of hindsight in examining a strategic course of conduct that may have been within the range of professional reasonableness at the time.[10]

Defendant argues ineffective assistance of counsel based upon the assertion that he was intimidated by threats of extended prison time and was, therefore, forced into taking a plea deal. The Court is not persuaded by this argument. Examination of the plea colloquy shows that Defendant was not coerced into pleading guilty and that he was satisfied with his legal representation. The relevant portion of the plea colloquy reads as follows:

THE COURT: Have you had enough time to go over the case with your lawyer?

THE DEFENDANT: Yes, sir.

[7] *Id.*
[8] *Blackwell v. State,* 736 A.2d 971, 973 (Del. 1999).
[9] *Strickland v. Washington*, 466 U.S. 668 (1984).
[10] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997).

THE COURT:  Are you satisfied with the representation that you have received?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you have any complaints?

THE DEFENDANT:  No, sir.

*     *     *

THE COURT:  I'm showing you a plea agreement, a Truth-in-Sentencing Guilty Plea Form and an Immediate Sentencing Form.

THE DEFENDANT:  Yes, sir.

THE COURT:  Did you read and sign all of these forms?

THE DEFENDANT:  Yes, sir, I did.

THE COURT:  Did your lawyer explain the information in all of these forms to you?

THE DEFENDANT:  Yes, sir, he did.

THE COURT:  Nobody can force you to plead guilty because when you plead guilty, you incriminate yourself; you lose your valuable trial and appeal rights; and you subject yourself to the penalties of law.  Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Anybody forcing you to do this?

THE DEFENDANT:  No, sir.

THE COURT:  I understand you have a history with mental issues set forth.  As we're speaking this morning, do you have clear judgment?

THE DEFENDANT:  Yes, sir.

THE COURT:  As we're speaking this morning are you weak willed in any way?

THE DEFENDANT:  No, sir.

THE COURT:  Okay.  And you are taking your medications in the lawfully prescribed dosages?

4

THE DEFENDANT:  Yes, sir.

THE COURT:  And is there anything about those medications that are causing you any confusion or causing you to do something you wouldn't otherwise do here today?

THE DEFENDANT:  No, sir.

THE COURT:  Do you feel that you're in a position to make a good decision about your future as you and I are talking?

THE DEFENDANT:  Yes, sir.

THE COURT:  You have valuable trial and appeal rights.  You have a right to have a lawyer here and at trial.  You are presumed to be innocent.  The State's required to prove the case against you beyond a reasonable doubt.  You have a right to a speedy and public trial by jury.  If it were a jury trial, you'd help select the jury.  All 12 jurors together would have to agree for guilt or innocence.  You have a right to hear and question the witnesses against you.  All the burdens are on the State.  You have no burdens.  You could present evidence in your behalf.  You could testify or not testify.  That's wholly up to you.  If you choose not to testify, the jury would be told not to take it against you because it's an exercise of a valuable constitutional right.  And if you were disappointed by the results of trial, you could appeal to the Delaware Supreme Court with the help of a lawyer.  It's called a direct appeal.  Do you understand your valuable trial and appeal rights?

THE DEFENDANT:  Yes.

THE COURT:  Anybody forcing you to give them up?

THE DEFENDANT:  No, sir.

THE COURT:  And, again, you do understand by pleading guilty, you give up your valuable trial and appeal rights; you incriminate yourself; and you expose yourself to all the penalties of law?

THE DEFENDANT:  Yes, sir.

THE COURT:  And nobody's forcing you to so this?

THE DEFENDANT:  No, sir.

*          *          *

5

THE COURT: For the charge of assault in a detention facility, they say that you, on March 23rd, 2015, did, while being confined in a detention facility, intentionally cause physical injury to Brandon Smith, a correctional officer, in violation of law. Did your lawyer explain that charge to you?

THE DEFENDANT: Yes, sir.

THE COURT: Did he review the evidence with you?

THE DEFENDANT: Yes, sir.

THE COURT: And do you understand it?

THE DEFENDANT: Yes, sir.

THE COURT: Sir, do you admit you, in fact, committed that offense.

THE DEFENDANT: Yes, sir.

*     *     *

THE COURT: So it is your free and voluntary choice to incriminate yourself to these four charges as we have reviewed them?

THE DEFENDANT: Yes.

THE COURT: I'm finding you're making a knowing, intelligent and voluntary decision. Judgments of conviction are entered as to each. Your probation, of course, will be violated. My intention is to give the sentence that's been outlined. But before I do that, sir, do you have any questions or anything that you would like to share with the Court?

THE DEFENDANT: I'm just sorry that I made a terrible decision and that's— that's it.[11]

The above excerpts from the plea colloquy show that Defendant made no statements to indicate that he was forced, coerced, or intimidated into the plea agreement. Defendant is bound by his testimony prior to his acceptance of the plea in the absence of clear and convincing evidence to the contrary.[12] He was of sound mind at the time of the guilty plea and understood the consequences of taking a plea agreement. There is

---

[11] Transcript of September 23, 2013 proceedings at 4-8; 12; 14.
[12] *Somerville v. State*, 703 A.2d at 632.

nothing to indicate that Defendant's claim regarding ineffective assistance of counsel is valid. His counsel clearly acted within the scope of reasonableness and Defendant cannot demonstrate that he suffered prejudice as a result of counsel's action or inaction. The Court is satisfied that Defendant made a knowing, intelligent, and voluntary decision to waive his rights and plead guilty. Therefore, Defendant's Motion for Postconviction Relief is **DENIED**.

    **IT IS SO ORDERED.**

                                          Very truly yours,

                                          Richard F. Stokes

cc: Prothonotary's Office
    Michael Tipton, Esq.
    Jerome Capone, Esq.