# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **DANIEL TOLEM,** | ) | |
| | ) | |
| **Defendant-Below,** | ) | |
| **Appellant** | ) | |
| | ) | |
| v. | ) | **ID No. 1212000184** |
| | ) | |
| | ) | |
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| **Plaintiff-Below,** | ) | |
| **Appellee.** | ) | |

Submitted: September 5, 2018
Decided: November 7, 2018

## ORDER

*Upon Appeal from the Court of Common Pleas of the State of Delaware
in and for New Castle County,*
**AFFIRMED.**

This 7th day of November, 2018, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)     On July 15, 2013, Appellant Daniel Tolem ("Tolem") pleaded guilty to two misdemeanors in the Court of Common Pleas: Theft-Misdemeanor and Placing

an Illegal Wager.[1]  The State entered a *nolle prosequi* on two other charges.[2]  The Court of Common Pleas immediately sentenced Tolem, for each charge, to one year of imprisonment suspended for one year of Level I probation.  Those sentences ran concurrently[3] and Tolem was fully discharged from probation for both on September 5, 2014.[4]  This appeal arises from his unsuccessful efforts in the Court of Common Pleas to now take back his plea—four years after it was entered and three years after his sentence ended.

## FACTUAL AND PROCEDURAL BACKGROUND

(2)     When first addressing the court at his plea hearing, Tolem's counsel informed the Court of Common Pleas, "I went over the guilty plea form with Mr. Tolem, explained the trial rights that he's giving up by entering this plea and I believe he's doing so knowingly, intelligently, and voluntarily."[5]  The court then addressed Tolem personally.

---

[1]     Tr. of Plea Colloquy, *State v. Daniel Tolem*, ID No. 1212000184, at 3 (Del. Com Pl. July 13, 2013) (hereinafter "Colloquy Tr.").

[2]     *Id.*

[3]     *Id.* at 9–10.

[4]     Probation Termination, *State v. Daniel Tolem*, ID No. 1212000184 (Del. Com. Pl. Sept. 5, 2014).

[5]     Colloquy Tr. at 3:12–16.

(3) During the plea colloquy, the court asked Tolem whether he had read, understood, and signed the guilty plea form, had answered all questions truthfully, and then understood all constitutional rights he was waiving by agreeing to forego trial and plead guilty to the two charges.[6] Throughout the plea colloquy, Tolem consistently told the court that he understood.[7] The court also questioned Tolem's counsel as to whether Tolem understood his trial rights and the plea process.[8] Tolem's counsel confirmed that Tolem did.[9]

(4) The court, during the colloquy, noted that Tolem "expressed through [his] body language, and through the shakes of [his] head significant reluctance" to entering the plea. The court then asked Tolem: "You've entered a guilty plea; I'm giving you the opportunity now. Do you wish to withdraw that guilty plea or do you want me to accept it?"[10] Tolem replied, "Yeah, I want you to accept that."[11] Tolem confirmed both before and after this exchange that he had committed the theft and

---

[6] *Id.* at 4–7.

[7] *Id.*

[8] *Id.* at 8 ("[Defense Counsel], are you confident that your client understands what's going on and is entering this plea willfully?").

[9] *Id.* ("Yes, Your Honor. We did go back and forth several times but I explained to him that he doesn't have to enter this plea; he does have the right to go to trial and we can go to trial if he wishes to.").

[10] *Id.*

[11] *Id.*

-3-

illegal wager offenses. And the court, after personally questioning Tolem and his counsel, accepted Tolem's plea as intelligently, knowingly, and voluntarily offered.[12]

(5)     Presently, Tolem, a citizen of Haiti, is in the process of being deported due to his immigration status and it appears, in part, his 2013 guilty pleas.[13] He filed a postconviction motion in the Court of Common Pleas seeking vacatur of his convictions. That court, after a hearing and supplemental briefing, issued a written opinion and order denying Tolem's motion holding that because Tolem "is no longer in custody or under the supervision of the State of Delaware, and is not subject to future custody or supervision relating to the underlying offense, the Defendant lacks standing to bring a motion under Rule 61."[14] This is Tolem's appeal of that ruling.

---

[12]     *Id.* at 8–9.

[13]     App.'s Op. Br., Ex. B. While neither this Court nor the lower court has received anything but a copy of the Immigration Court's Notice of Hearing in Removal Proceedings, *id.*, both Courts have assumed for the purposes of these State proceedings that Tolem's 2013 convictions will have a negative, if not dispositive, impact on his federal deportation proceedings. *See, e.g.,* Tr. of Oral Argument, *State v. Daniel Tolem*, ID No. 1212000184, at 4-9 (Del. Super. Ct. Apr. 25, 2018) (hereinafter "Oral Arg. Tr.").

[14]     *State v. Tolem*, 2017 WL 7052691, at *2 (Del. Com Pl. Sept. 1, 2017).

## STANDARD OF REVIEW

(6)     This Court takes criminal appeals from the Court of Common Pleas. Such appeals are "reviewed on the record," not "tried de novo."[15] In that way, this Court "functions in the same manner as the Supreme Court, in its position as an intermediate court, when considering an appeal from the Court of Common Pleas."[16] The Court of Common Pleas' denial of a motion to withdraw a guilty plea under either that Court's Criminal Rule 32 or Criminal Rule 61 is reviewable on appeal only for abuse of discretion.[17] "An abuse of discretion occurs when a court has exceeded the bounds of reason in view of the circumstances or so ignored recognized rules of law or practice to produce injustice."[18] And this Court must, as the Court of

---

[15]     DEL. CODE ANN. tit. 11, § 5301(c) (2018).

[16]     *Layne v. State*, 2006 WL 3026236, at *1 (Del. Super. Ct. Sept. 26,2006) (citing *Dickens v. State*, 2003 WL 21982924, at *3 (Del. Super. Ct. July 11, 2003); *See also Baker v. Connell*, 488 A.2d 1303, 1309 (Del. 1985) (Superior Court's function as intermediate appellate court is basically the same as the Supreme Court).

[17]     *Blackwell v. State*, 736 A.2d 971, 972 (Del. 1999) ("A motion to withdraw a guilty plea is addressed to the sound discretion of the trial court. Generally, the denial of such a motion is reviewable only for abuse of discretion."). *See also Schofield v. State*, 2012 WL 589274, at *1 (Del. 2012) ("A denial of a [Rule 32(d)] motion for withdrawal of a guilty plea is reviewed for an abuse of discretion"); *Collins v. State*, 2014 WL 2609107, at *1 (Del. June 9, 2014) ("This Court reviews . . . [a] denial of postconviction relief [under Rule 61] for abuse of discretion and questions of law *de novo*. The Court must consider the procedural requirements of Rule 61 before addressing any substantive issues.").

[18]     *Harper v. State*, 970 A.2d 199, 201 (Del. 2009) (quoting *Culp v. State*, 766 A.2d 486, 489 (Del. 2001)).

-5-

Common Pleas was bound to, consider the procedural requirements of Criminal Rule 61 before addressing any substantive issues.[19]

## DISCUSSION

(7)     Here, Tolem argues that the Court of Common Pleas erred when it denied his motion to withdraw his guilty pleas as procedurally barred under Court of Common Pleas Criminal Rule 61.[20]  He says that his case overcomes Rule 61's procedural bars because (1) deportation is a collateral consequence sufficient to permit relief even after the completion of the sentence and (2) it would be a miscarriage of justice for the Court to allow his convictions to stand where he was not provided with an interpreter and, in his view, his right, under *Padilla v. Kentucky*,[21] to be advised of the collateral consequence of deportation was violated.[22] The Court of Common Pleas did not abuse its discretion when it denied Tolem's postconviction motion withdraw his guilty pleas.

---

[19]     *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).

[20]     App.'s Op. Br., at 6.  At oral argument, Tolem admitted that his claim was no longer cognizable under Rule 32 and that Rule 61 was the only available avenue for relief. Oral Arg. Tr., at 3—4.

[21]     559 U.S. 356 (2010).

[22]     App.'s Op. Br. at 3.

(8)     "Delaware law provides that [a trial court] must first consider whether the defendant has satisfied the procedural requirements of Rule 61 before considering the merits of [a] postconviction motion."[23]  Tolem filed his Motion to Withdraw his Guilty Pleas citing Court of Common Pleas Criminal Rule 32.  Rule 32(d) states:

> If a motion for withdrawal of a plea of guilty or nolo contendere is made before imposition or suspension of sentence or disposition without entry of a judgment of conviction, the Court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. *At any later time, a plea may be set aside only by motion under Rule 61.*[24]

(9)     Tolem did not file his motion in the Court of Common Pleas until July 31, 2017.  Because Tolem filed his Motion to Withdraw Guilty Pleas several years after his sentence was imposed, his motion is controlled by the procedural requirements of Rule 61.  Criminal Rule 61's standing bar is derived from the rule's subsection (a)(1).

(10)    Tolem claimed below that had he been aware of the potential immigration consequences when he entered his guilty pleas, he would not have

---

[23]     *Paul v. State*, 2011 WL 3585607, at *1 (Del. Aug. 15, 2011).

[24]     Ct. Com. Pl. Crim. R. 32(d) (emphasis added).

-7-

accepted the plea, contested the charges, and proceeded to trial.[25] The court below assumed that Tolem's trial counsel did not advise him on the potential immigration consequences of entering into a guilty plea.[26] Despite the court's finding regarding potential immigration consequences, the Court of Common Pleas held that Tolem lacked standing to attack his guilty plea under Rule 61.[27]

## Lack of Standing

(11)  Court of Common Pleas Criminal Rule 61(a)(1) provides an avenue for relief for "a person in custody or subject to future custody under a sentence of th[at] Court seeking to set aside a judgment of conviction."[28]  When Tolem filed his motion, he had been discharged from custody and all supervision for nearly three years.  And there is no argument that Tolem is subject to any future custody as a result of the two misdemeanors to which he pleaded guilty.  It was because Tolem is no longer in custody nor subject to future custody, that the Court of Common Pleas found that he did not satisfy the standing requirement of Rule 61(a)(1).[29]

---

[25]  Def.'s Motion to Withdraw Guilty Plea, *State v. Daniel Tolem*, ID No. 1212000184, at 2 (Del. Com. Pl. July 31, 2017) (hereinafter "Rule 61 Mot.").

[26]  *Tolem*, 2017 WL 7052691, at *1.

[27]  *Id.* at *2.

[28]  Ct. Com. Pl. Crim. R. 61(a)(1).

[29]  *Tolem*, 2017 WL 7052691, at *2.

## Tolem's Miscarriage of Justice Claims

(12) Tolem argues that he should be able to overcome the Rule 61 procedural bars because it would be a miscarriage of justice to allow his conviction to stand when an interpreter should have been appointed and his trial counsel did not inform him of the deportation consequences. Tolem's seeks refuge in Common Pleas Criminal Rule 61(i)(5)'s exception to the Rule 61 procedural bars. It states:

> *The bars to relief in paragraphs (1), (2), and (3) of this subdivision* shall not apply to a claim that the Court lacked jurisdiction or to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction.[30]

Unfortunately for Tolem, the plain language of the (i)(5) exception demonstrates that it applies only to those bars set forth in paragraphs (i)(1)—(3), *i.e.*, the time bar, the restriction on repetitive motions, and the procedural default bar. Rule (i)(5)'s exception simply does not reach Rule 61(a)(1)'s standing bar.

(13) Undeterred, Tolem argues that his deportation is a collateral consequence sufficient to overcome any of Rule 61's procedural bars. But our courts

---

[30] Ct. Com. Pl. Crim. R. 61(i)(5) (emphasis added). It should be noted here that while in most instances the various provisions of Court of Common Pleas Criminal Rule 61 and Superior Court Criminal Rule 61 are identical, the wording of each's (i)(5) exception differs. This Court's (i)(5) exception is narrower. *See* Super. Ct. Crim. R. 61(i)(5)(2018)("Bars inapplicable. -- The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule").

have repeatedly held that deportation is not a collateral consequence sufficient to overcome those procedural bars.

(14) Tolem bases his argument on *Padilla v. Kentucky*.[31] The United States Supreme Court in *Padilla* held that the failure of an attorney to apprise his or her client of potential deportation risks when entering into a plea constitutes ineffective assistance of counsel in violation of the Sixth Amendment.[32] Tolem asserts that neither his trial counsel nor the Court informed him of potential deportation risks when he entered his guilty plea; nor did the guilty plea form or plea colloquy contain any information at that time regarding potential deportation risks.[33] The Court of Common Pleas adopted Tolem's assertion.[34] Tolem argues now that his deportation, the above facts, and *Padilla*, are sufficient to establish that his deportation is a collateral consequence sufficient to overcome Rule 61 procedural bars.

(15) But Tolem ignores Delaware law which has repeatedly and consistently held, both pre-[35] and post-*Padilla*, that deportation is not a collateral consequence

---

[31]    559 U.S. 356 (2010).

[32]    *Id.* at 366.

[33]    App.'s Op. Br. at 3.

[34]    *Tolem*, 2017 WL 7052691, at *1.

[35]    *See State v. Christie*, 655 A.2d 836, 839–40 (Del. Super. Ct. June 29,1999), *aff'd*, 1994 WL 734468 (Del. Dec. 29, 1994) (stating that "[t]he direct consequences of a plea . . . include the trial and appeal rights being waived, the potential maximum sentence, any mandatory minimum

sufficient to overcome Rule 61 procedural bars.[36] And once Rule 61(a)(1)'s standing bar is recognized, any Delaware trial or appellate court is constrained to end its review and ignore any substantive postconviction relief claims.[37]

(16) The Court of Common Pleas cannot be found here to have exceeded the bounds of reason in view of the circumstances or so ignored recognized rules of law or practice to produce injustice. To the contrary, that court applied Delaware's well-established rules and law when it rejected Tolem's years-late postconviction complaints. And so, this Court concludes that the Court of Common Pleas was well within its discretion when it denied Tolem's belated Motion to Withdraw his Guilty Pleas.

---

sentences, possible defenses being waived and so forth."); *State v. Sutherland-Cropper*, 1996 WL 33347484, at *2 (Del. Super. Ct. Mar. 25, 1996), *aff'd*, 687 A.2d 197 (Del. 1996) (noting that a collateral consequence is "not something a defendant must be apprised of prior to entering a guilty plea in order for that plea to be knowing and voluntary.").

[36]     *See Baltazar v. State*, 2015 WL 257344, at *3 (Del. Jan. 20, 2015) (observing—when addressing a request to apply the collateral consequence doctrine to a similar deportation claim—that, "[t]his Court has held that a defendant who has been discharged from probation and is not subject to any future custody for his conviction has no standing to seek relief under Rule 61.");*Paul v. State*, 2011 WL 3585607, at *1 (Del. Aug. 15, 2011) (noting that movant did not overcome the standing bar because he could not "demonstrate specifically a right lost or disability or burden imposed by reason of the instant conviction" despite his claimed risk of deportation).

[37]     *Ayers v. State*, 802 A.2d 278, 281 (Del. 2002); *Maxion v. State*, 686 A.2d 148, 150 (Del. 1996). *See also Hamilton v. State*, 2004 WL 1097703 (Del. May 12, 2004) (citing *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991) (trial court must apply Rule 61's procedural bars before reaching the merits of the claims)).

**NOW THEREFORE, IT IS ORDERED** that the Court of Common Pleas'

denial of the motion to withdraw guilty pleas is, therefore, **AFFIRMED**.

**SO ORDERED** this 7th day of November, 2018.

_____

**Paul R. Wallace, Judge**

Original to Prothonotary

cc:    Gregory A. Morris, Esq.
       Julie Mayer, Deputy Attorney General