# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | |
| | ) | I.D. No. 2105011019 |
| PAUL A. PERRY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Submitted: December 30, 2022
Decided: January 12, 2023

*Upon Defendant's Motion to Rescind Guilty Plea*
**DEFERRED**

Before this Court is a motion to rescind a guilty plea, pursuant to Superior Court Criminal Rule 32(d), filed by Defendant Paul Perry (hereinafter "Defendant"). For the reasons that follow, decision on Defendant's motion is **DEFERRED** pending a psychiatric evaluation of Defendant by the Delaware Psychiatric Center ("DPC"). The evaluation shall address both his mental competency to plead guilty (at the time of his guilty plea) and his mental state (at the time of the alleged offense).

## PROCEDURAL BACKGROUND

1. On August 10, 2022, Defendant pleaded guilty to one count of Rape in the Third Degree[1] and one count of Strangulation.[2] However, during a sentencing proceeding held on November 17, 2022, Defendant orally moved to withdraw his guilty plea.

---

[1] 11 *Del. C.* § 771.
[2] 11 *Del. C.* § 607.

1

2.      Defendant, through counsel, filed a written motion to withdraw the guilty plea dated November 29, 2022.  The motion relies on the Presentence Investigation Report ("PSI Report"), which explains that Defendant has suffered from ongoing schizophrenia and auditory hallucinations throughout the proceedings against him.[3]  The motion alleges that Defendant's counsel (hereinafter "Defense Counsel") was unaware of these conditions until the PSI Report was completed.[4]  Defendant further argues that the severity of his mental illness implicates both possible defenses and alternative pleas that Defense Counsel might have considered, including not guilty by reason of insanity and guilty but mentally ill, and undermines his ability to have entered a knowing and voluntary plea (as required by Superior Court Criminal Rule 11(d)).[5]

3.      The State filed its response on December 22, 2022, arguing that Defendant's motion should be denied, or, in the alternative, asking that the "Court defer ruling on the motion and order Defendant to undergo a psychiatric evaluation to determine Defendant's competency" at the time of the offense to which he pleaded guilty and the time at which he entered the plea.[6]

4.      Defendant filed a reply[7] on December 30, 2022, in which he acknowledges the State's request in the alternative for deferral pending a psychiatric evaluation and responds that "Defendant's psychiatric state during the criminal acts and afterward cannot be treated with speculation."[8]  However, Defendant did not

---

[3] Mot. to Rescind Guilty Plea [hereinafter "Mot. to Rescind"] ¶ 10; *see* PSI Report at 20–21.

[4] Mot to Rescind ¶ 11.   The State disputes when exactly Defense Counsel received information about Defendant's mental condition.   State's Resp. to Def.'s Mot. to Withdraw Guilty Plea [hereinafter "State's Resp."] at 7 n.16.   However, the State agrees that the Department of Corrections first provided Defendant's medical records to Defense Counsel's Forensic Social Specialist on September 19, 2022, over a month after Defendant entered his guilty plea.  *Id.*

[5] Mot. to Rescind ¶¶ 13–14.

[6] State's Resp. at 8–9.

[7] Defendant requested and was granted leave of court to file a reply to the State's response.

[8] Reply to State's Resp. ¶¶ 7–8.

ultimately state a position on whether a psychiatric evaluation should be ordered.

## LEGAL STANDARD

5.      Superior Court Criminal Rule 32(d) provides that before a sentence is imposed, "the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason."  "A motion to withdraw a guilty plea is addressed to the sound discretion of the trial court."[9]

6.      The Court must consider five factors in determining whether to exercise its discretion to allow withdrawal of a guilty plea.  The factors are "(i) whether there was a procedural defect in taking the plea; (ii) whether the defendant voluntarily entered the plea; (iii) whether the defendant had a basis to assert legal innocence; (iv) whether the defendant had adequate legal counsel; and (v) whether granting the motion would prejudice the State or unduly inconvenience the court."[10]  The Court does not balance the factors—for example, a sufficiently strong showing of either of the first two factors may alone warrant relief.[11]

7.      Where, as here, "the defendant has signed his Truth-in-Sentencing Guilty Plea Forms and has answered at the plea colloquy that he understands the effects of the plea," he bears the burden of establishing "by clear and convincing evidence" that he did not enter his plea knowingly and voluntarily.[12]

---

[9] *Scarborough v. State*, 938 A.2d 644, 649 (Del. 2007) (quoting *Blackwell v. State,* 736 A.2d 971, 972 (Del. 1999)).

[10] *Benn v. State*, 108 A.3d 1224, 2015 WL 304257, at *2 (Del. 2015) (TABLE).

[11] *See Patterson v. State*, 684 A.2d 1234, 1238–39 (Del. 1996) ("[I]f there is a serious procedural defect in the plea process or if it clearly appears that the defendant did not knowingly or voluntarily consent to the plea agreement, a sufficient basis exists for withdrawal of the plea notwithstanding whether there is a basis for a claim of factual innocence or whether there is prejudice to the State."); *Scarborough*, 938 A.2d at 649 ("These factors are not factors to be balanced; indeed, some of the factors of themselves may justify relief.").

[12] *Scarborough*, 938 A.2d at 650; *see also Benn*, 2015 WL 304257, at *2 ("Benn is bound by his answers during the guilty plea colloquy absent clear and convincing evidence to the contrary."); *Savage v. State*, 815 A.2d 349, 2003 WL 214963, at *2 (Del. 2003) (TABLE) ("In the absence of clear and convincing evidence to the contrary, Savage is bound by his answers on the Truth-in-Sentencing Guilty Plea Forms and by his testimony prior to the acceptance of the guilty plea.").

## ANALYSIS

8. Defendant argues that this is one of those cases in which the second factor alone, that he allegedly did not knowingly or voluntarily enter his plea, is sufficient for the Court to allow him to withdraw his guilty plea.[13] However, Defendant does not make any specific allegations tying his mental illness to his decision to plead guilty, i.e., he does not allege that his schizophrenia or hallucinations induced him to plead guilty. Rather, he argues that these conditions speak directly to his ability to make a knowing or voluntary decision at all.[14]

9. In the Court's view, the allegations in Defendant's motion are best construed as challenging his competency to plead guilty. While the question of whether a defendant is competent to plead guilty is distinct from whether a plea is entered knowingly and voluntarily, a defendant's competency (or lack thereof) is highly relevant when a defendant asserts that his plea not only was not, but in fact could not, have been entered knowingly and voluntarily because of his mental illness.[15] Under these circumstances, Defendant must show by clear and convincing evidence

---

[13] Reply ¶¶ 13–14 & n.8.

[14] Mot. to Rescind ¶ 14 ("Defendant's mental illness is damning **to his ability** to make knowing, intelligent, and voluntary decisions . . ." (emphasis supplied)).

[15] *McCray v. State*, 44 A.3d 922, 2012 WL 1569787, at *2 (Del. 2012) (TABLE) ("All the evidence in this case, bolstered by Dr. Thompson's opinion that McCray was competent when he entered his guilty pleas, supports the conclusion that McCray's guilty plea was knowing and voluntary."); *Gavin v. State*, 203 P.3d 1281, 2009 WL 929105, at *2 (Kan. Ct. App. 2009) (TABLE) ("While a competency determination does not conclusively establish that a plea is knowing and voluntary, it tends to contradict a defendant's contention that he or she did not understand the plea proceedings."). In *State v. Skinner*, this Court discussed the relationship between a defendant's competency to plead guilty and a defendant's knowing and voluntary waiver of constitutional rights, describing them as "two separate issues." 1994 WL 386865, at *12 (Del. Super. June 7, 1994), *aff'd*, 655 A.2d 1225 (Del. 1995) (TABLE). While competency focuses on whether a defendant "has the *ability* to understand the proceedings," whether a given decision was knowing and voluntary depends on "whether the defendant actually *does* understand the significance and consequences of a particular decision and whether the decision is uncoerced." *Id.* (quoting *Godinez v. Moran,* 113 S.Ct. 2680, 2687 n. 12 (1993)). Thus understood, competency is a narrower issue than voluntariness, and may reasonably be understood as a logical prerequisite to a defendant's being capable of making a knowing and voluntary decision to waive his trial rights.

that his "mental health . . . made him incapable of entering a knowing, intelligent, and voluntary guilty plea."[16]

10. "The legal standard for competency to plead guilty is identical to the competency standard for standing trial."[17] Thus, a defendant's competency to plead guilty depends "on whether he 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'"[18]

11. The Court is not persuaded on the record before it that Defendant has established by clear and convincing evidence that he was not competent to plead guilty, and that his plea therefore could not have been knowing, intelligent, and voluntary. However, the facts alleged in the motion, and substantiated by the PSI Report and the Mitigation Report,[19] are sufficient to raise a genuine concern that Defendant's competency to plead guilty should have been assessed prior to the entry of his guilty plea.

12. In light of these considerations, the Court will defer decision on Defendant's motion and order that a psychiatric evaluation be conducted by the DPC, addressing Defendant's competency at the time he pleaded guilty. While the Court is mindful that retroactive competency evaluation may be difficult, it notes that the DPC has on prior occasions opined on past competency and that the resulting opinions have been helpful in circumstances similar to this case.[20] In addition, the DPC shall evaluate

---

[16] *Benn*, 2015 WL 304257, at *2.

[17] *Weeks v. State*, 653 A.2d 266, 270 (Del. 1995).

[18] *Id.* (quoting *Dusky v. United States,* 362 U.S. 402, 402 (1960)).

[19] *See* PSI Report at 20–21; State's Resp. Ex. C. (Mitigation Report) at 5.

[20] *See, e.g.*, *Benn*, 2015 WL 304257, at *2 ("As to Benn's mental health, the Superior Court noted that although the [DPC] indicated it was difficult to evaluate someone's past mental competence, the DPC did not believe Benn's psychiatric symptoms or cognitive limitations unduly influenced his decision to enter a guilty plea."); *McCray v. State*, 2012 WL 1569787, at *2 ("[A]fter having conducted an interview, testing and a review of the record, Robert G. Thompson, a licensed psychologist with the Delaware Psychiatric Center, concluded that McCray was malingering and

Defendant's mental state at the time of the offenses for which he pleaded guilty. Upon receipt of DPC's report, the Court will decide if any additional briefing is necessary and conduct a full analysis of the five factors identified in *Scarborough v. State* and other case law.

## CONCLUSION

For the foregoing reasons, decision on Defendant's motion to withdraw his guilty plea is **DEFERRED**. The Court will order that the DPC conduct a psychiatric evaluation and opine, insofar as possible, on Defendant's competency to have pleaded guilty and on his mental state at the time of the offense to which he pleaded guilty.

**IT IS SO ORDERED.**

Noel Eason Primos, Judge

NEP/tls
*Via Email*
oc: Prothonotary
cc: Counsel of Record

---

that there was 'no compelling evidence to suggest that Mr. McCray was incompetent when he entered guilty pleas in 2003.'").

6