IN THE SUPREME COURT OF THE STATE OF DELAWARE

DAVID A. SALASKY, § 
§ No. 482, 2022
Defendant Below, §
Appellant, § Court Below–Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 1109012491 (N)
STATE OF DELAWARE, §
§
Appellee. §

Submitted: July 12, 2023
Decided: September 26, 2023

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Cour that:

(1)    In September 2013, the appellant, David Salasky, pleaded guilty but mentally ill to two counts of first-degree murder, four counts of possession of a deadly weapon during the commission of a felony, and related offenses. In January 2014, the Superior Court sentenced Salasky to two life sentences plus a term of years.

(2)    In October 2017, Salasky filed a motion for postconviction relief under Superior Court Criminal Rule 61 seeking to set aside his guilty plea. The Superior Court denied the motion in February 2018. Although the motion was untimely, the

Superior Court nevertheless considered its merits and found, among other things, that Salasky's plea was made knowingly and voluntarily. Salasky did not appeal. Between March 2019 and April 2022, Salasky filed four more motions seeking to set aside his guilty plea, all of which were denied.

(3) On November 28, 2022, Salasky filed another motion to set aside his guilty plea. The Superior Court denied it, and this appeal followed. A motion to set aside a guilty plea after the Superior Court has imposed a sentence must be made under Rule 61.[1] The motion "constitutes a collateral attack against the conviction[s] and is subject to the requirements of Rule 61, including its bars of procedural default."[2] The Superior Court therefore properly denied Salasky's motion, which was procedurally barred.[3]

---

[1] Del. Super. Crim. R. 32(d).

[2] *Blackwell v. State*, 736 A.2d 971, 972–73 (Del. 1999).

[3] Del. Super. Crim. R. 61(d)(2) (providing that a second or subsequent motion for postconviction relief must be summarily dismissed unless the movant was convicted after a trial and pleads with particularity (i) new evidence of actual innocence or (ii) that a new rule of constitutional law, made retroactive to cases on collateral review, applies to the movant's case and renders the conviction invalid). After the State filed its motion to affirm, Salasky filed a "motion for order to supplement the record on appeal," in which he asks the Court to direct his trial counsel to turn over to him medical records that he believes remain in counsel's possession and are relevant to his arguments on appeal. Because Salasky's motion to set aside his guilty plea was procedurally barred, these records cannot advance his cause, and the motion is DENIED.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Abigail M. LeGrow
Justice