SUPERIOR COURT
OF THE
STATE OF DELAWARE

RICHARD F. STOKES
*RESIDENT JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5264

November 28, 2018

N448 STATE MAIL
Mr. Michael C. Stelljes
SBI: 00543789
Howard R. Young Correctional Institution
1301 E. 12ᵗʰ Street
Wilmington, DE 19801

RE: **State of Delaware v. Michael C. Stelljes**
Case ID: 1702005851

Dear Mr. Stelljes:

I have reviewed your motion for postconviction relief, and it is denied.[1]

You pled guilty to driving under the influence and two counts of vehicular assault on September 20, 2018. The sentence reflected the plea agreement. On the driving under the influence charge, you were imprisoned for 18 months with the balance suspended after serving 90 days under the provisions of 11 Del.C. § 4204(k) for level 2 probation. On each of the vehicular assault in the second

---

[1] This motion was submitted under Superior Court Criminal Rule 61. The Rule apeaks of "judgment of conviction" which technically is a guilty verdict after trial. An admission at a violation is not a guilty verdict, and the motion is summarily dismissed. The use of a Rule 61 application to attack the sentence received for a violation of probation is inappropriate. *State v. Berry*, 2007 WL 2822928 at *1 (Del. Super. Ct. Sept. 25, 2007). On the other hand, Rule 61 consideration was given to violation of probation proceedings in *State v. Phillips*, 2002 WL 524281 (Del. Super. Ct. March 4, 2002); *Phillips v. Kearney*, 2003 WL 2004392 at *2 (D. Del. April 21, 2003). However, even if Rule 61 applies, which it does not in my view, the motion would nonetheless be denied for the reasons discussed above.

degree charges, a one year sentence was entered suspended for probation.[2]

Upon release from level 5, you started probation. On January 18, 2018, your probation officer filed a violation report.[3] It alleged that you violated conditions 1, 2, 3, 7 and 9. Condition 1 reported an arrest for shoplifting which was pending in Kent County, Case ID #1801003194; The docket is attached as *Exhibit B*. You made reference to a drug paraphernalia charge in Court of Common Pleas Kent County Case ID 1802008651. The docket is attached as *Exhibit C*. There was no mention of the charge in the violation report. Condition 2 alleged that you failed to report the shoplifting arrest and police contact; Condition 3 claimed you failed to report to probation on 12/19/17; Condition 7 alleged you tested positive for illegal drugs without a prescription and Condition 9 alleged a violation of a zero tolerance condition related to the drug use. A hearing was held on February 23, 2018 and you were represented by Mr. Jeffery McLane, Esquire, a public defender.[4] At his request, Condition 1 was not adjudicated because the charge was pending. You admitted violating all the remaining conditions. A TASC evaluation was requested by me to learn further information, and sentencing was deferred.

On March 23, 2018, a sentencing hearing was held.[5] Again, you were represented by the public defender's office. TASC assessed you and presented a verbal report. Your background with drugs was discussed. The recommendation was for closer supervision. This could be at either the Crest Program or at level 4 home confinement with TASC and an Intensive Outpatient Program ("IOP"). Your probation officer recommended the Crest Program. Ultimately, you were sentenced to level 5 imprisonment suspended for completion of Crest.

On March 28, 2018, you arrived at the Central Violation of Probation Center to begin the Residential Substance Abuse Treatment Program. On April 2, 2018, you were discharged for refusing to participate. Your refusal was the basis for a second violation of probation report. On April 9, 2018, a hearing was held

---

[2] *State v. Michael C. Stelljes*, Del. Super. Ct. Crim. Dkt. No. 1702005851, at Docket Item ("D.I.") 15 attached as *Exhibit A*.

[3] D.I. 16.

[4] D.I. 21, 23.

[5] D.I. 25.

and you were again represented by the public defender's office.[6] As you refused to do the program you were resentenced to the level 5 Key Program as recommended by your probation officer.

On your appearances for the three hearing dates , your public defender advised you of the appeal rights to the Supreme Court.[7] No appeal was filed. However, you did file two requests for reduction of the sentence under Rule 35 which were denied.[8] A Supreme Court appeal was not filed from them. Presently, you continue to be in the Key Program.

In your Rule 61 motion, you claim your public defender was ineffective. The statement is made: "counsel never told me to or advised me if I wanted to wait the charges to be dealt with ..." This claim necessarily focuses on the February 23 date. Apparently, you surmise that the hearing would have been postponed; you would not have been sent to the Crest Program, and, therefore, you would not have been in a position to refuse to participate.

Such vague, speculative and conclusory allegations are never sufficient for Rule 61 relief. Further, the pending shoplifting charge played no role in the proceedings. Your admissions to violating the remaining conditions provided an ample basis to support the new sentence. Furthermore, your hearing would never have been postponed to await a decision on the shoplifting charge where you have an illegal drug and failure to comply with supervision background. The Court has authority to adjudicate new charges in a violation hearing because trial and probation standards are different. Indeed a later acquittal of new charges after an earlier violation of them in a probation hearing does not change the result.[9]

Moreover, to prevail on an ineffectiveness of counsel basis, the two-prong test laid out by the United States Supreme Court in *Strickland v. Washington*[10] must be satisfied. *Somerville v. State* explained the applicable standard in the

---

[6] D.I. 31.

[7] D.I. 22, 26, 32.

[8] D.I. 34, 35, 36, 37.

[9] *State v. Diaz*, 113 A.3d 1081 (Del. 2015).

[10] *Strickland v. Washington,* 466 U.S. 668 (1984).

context of a guilty plea that is roughly analogous to a probation admission:

> *Strickland* requires a defendant to show that: (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's actions were so prejudicial that there was a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial...[R]eview is subject to a strong presumption that counsel's conduct was professionally reasonable. The purpose of this presumption is to eliminate the distorting effects of hindsight in examining a strategic course of conduct that may have been within the range of professional reasonableness at the time.[11]

You have not met either prong of the analysis. You made no showing to prove that your counsel acted below an objective standard of reasonableness when providing assistance at the time of the violation hearing. No judge would have delayed the violation proceedings, and defense counsel made no error and acted within recognized standards of competence. There is no showing that you would not have admitted the violation but for counsel's alleged error in not seeking a postponement.

You also complain about the lack of access to a law library. This kind of claim is procedurally barred under Criminal Rule 61(i)(3),[12] (with the exception of the ineffective assistance of counsel claim). This provision states that "any ground for relief that was not asserted in the proceedings leading up to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows (A) cause for relief from the procedural default and (B) prejudice from violation of the movant's rights."[13] In order to show cause, you must allege

---

[11] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997).

[12] Super. Ct. Crim. R. 61(i)(3) provides:
> (3) *Procedural default.* Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows (a) cause for relief from the procedural default and (b) prejudice from violation of the movant's rights.

[13] Rule 61(i)(3).

more than the fact that a claim was not raised earlier in the process.[14] You must show that "some external impediment" prohibited raising the claim.[15] Further, to show prejudice, you must demonstrate that there was a "substantial likelihood" that, had the claim been raised, the outcome of the case would have been different.[16] Here, the violation hearing would not have been delayed. Assuming without deciding that the alleged lack of legal resources was "an impediment", you suffered no prejudice. Therefore, your claim is procedurally barred. You must show both cause and prejudice to overcome the procedural default bar.[17]

Considering the foregoing, your motion is denied. Although you did not raise this point, upon review, you are entitled to more credit time. The adjustment does not effect the sentencing to Key. A corrected order is attached.

**IT IS SO ORDERED.**

Very truly yours,

Richard F. Stokes

RFS:tls
Enclosures

cc:    David Hume, IV, Esquire, Department of Justice
        Jeffery P. McLane, Esquire, Office of Defense Services

---

[14] *State v. Wescott*, 2014 WL 7740466, at *1 (Del. Super. Ct. Nov. 24, 2014).

[15] *Id.* (Citing *Younger v. State*, 580 A.2d 552, 556 (Del. 1990)).

[16] *Flamer v. State*, 585 A.2d 736, 748 (Del. 1990).

[17] *Blackwell v. State*, 736 A.2d 971, 973 (Del. 1999).

State of Delaware v.  MICHAEL C STELLJES                    DOB: 09/09/1989
State's Atty: AMANDA R NYMAN , Esq.           AKA: MICHAEL STELLJES
Defense Atty: MICHAEL A CAPASSO , Esq.             MICHAEL STELLJES
                                                  MICHAEL STEELJES
                                                  MICHAEL S STELLJES


Assigned Judge:

Charges:

| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 1702005851 | IS17020734R1 | VEH.ASSAULT 2ND | GLTY | 09/20/2017 |
|     | 1702005851 | VS1702073401 | VIOL O/PROBATN | VF | 02/23/2018 |
|     | 1702005851 | VS1702073402 | VIOL O/PROBATN | VF | 04/19/2018 |
| 002 | 1702005851 | IS17020735R1 | VEH.ASSAULT 2ND | GLTY | 09/20/2017 |
|     | 1702005851 | VS1702073501 | VIOL O/PROBATN | VF | 02/23/2018 |
|     | 1702005851 | VS1702073502 | VIOL O/PROBATN | VF | 04/19/2018 |
| 003 | 1702005851 | IS17020736W | DR LIC SUSP/REV | NOLP | 09/20/2017 |
| 004 | 1702005851 | IS17020737R1 | DUI OF DRUGS | GLTY | 09/20/2017 |
|     | 1702005851 | VS1702073701 | VIOL O/PROBATN | VF | 02/23/2018 |
|     | 1702005851 | VS1702073702 | VIOL O/PROBATN | VF | 04/19/2018 |
| 005 | 1702005851 | IS17020738W | OPER UNREG MV | NOLP | 09/20/2017 |
| 006 | 1702005851 | IS17020739W | FAIL REQ INS | NOLP | 09/20/2017 |
| 007 | 1702005851 | IS17020740W | FAIL STOP SIGN | NOLP | 09/20/2017 |

No.    Event Date      Docket Add Date                     Judge
       Event

1    02/27/2017        02/28/2017
     CASE ACCEPTED IN SUPERIOR COURT.
     ARREST DATE:
     R9W
2    02/27/2017        02/28/2017
     INDICTMENT, TRUE BILL FILED.
3    02/27/2017        03/01/2017
     APPLICATION FOR WARRANT AND CERTIFICATION PURSUANT TO SUPERIOR COURT
     CRIMINAL RULE 9 WARRANT FILED BY AMANDA NYMAN.
4    02/27/2017        03/01/2017                 GRAVES T. HENLEY
     ORDER: IT IS ORDERED, PURSUANT TO RULE 9 THAT WARRANTS FOR THE SAID
     SHALL BE ISSUED.
5    02/27/2017        03/01/2017
     MEMORANDUM/R9W BOND RECOMMENDATIONS FILED.
     TO: COURT  FROM: DAG-NYMAN
     RECOMMENDED AMOUNT: $2,000 SECURED
     NO CONTACT WITH VICTIMS MICHAEL FANNIN AND MATTHEW BALDWIN.
6    02/28/2017        03/01/2017
     RULE 9 WARRANT ISSUED.


"Exhibit A"

State of Delaware v.  MICHAEL C STELLJES                       DOB: 09/09/1989
State's Atty: AMANDA R NYMAN , Esq.           AKA: MICHAEL STELLJES
Defense Atty:                                      MICHAEL S STELLJES

No.   Event Date      Docket Add Date                  Judge
      Event
---------------------------------------------------------------------------
7    05/24/2017          05/24/2017                   HOWARD ALICIA B.
     RULE 9 WARRANT RETURNED
     SECURED BAIL-HELD                       2,700.00 100%
     DEFENDANT ARRAIGNED, WAIVED READING, ENTERED PLEA OF NOT GUILTY AND
     REQUESTED A TRIAL BY JURY.
     CCR-6/19/17
8    05/30/2017          05/31/2017
     DISCOVERY REQUEST FILED BY MICHAEL CAPASSO, ESQ.
10   05/31/2017          06/05/2017
     DISCOVERY RESPONSE/STATE'S RECIPROCAL REQUEST FOR DISCOVERY FILED BY
     AMANDA REESE NYMAN, ESQ
9    06/01/2017          06/01/2017
     RELEASED ON $2,700.00 SECURED BAIL FOR APPEARANCE ON 6/19/17.
11   06/19/2017          06/19/2017              BRADY M. JANE
     CASE REVIEW CALENDAR CAPIAS ORDERED-$5000.00 CASH ONLY.
     BEGIN FORFEITURE PROCEEDINGS.
     CR/HAYNES
12   06/26/2017          06/26/2017                   HOWARD ALICIA B.
     CAPIAS RETURN - TRIALABLE PENDING
     CASH BAIL                               2,700.00 100%
     DEFENDANT SCHEDULED FOR CASE REVIEW 7/17/17 AT 9AM.
13   07/17/2017          07/17/2017
     CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW.
     FCR: 8/23/2017
     TJT: 8/29/2017
14   07/25/2017          07/27/2017
     CONTINUANCE REQUEST FILED BY DAG NYMAN, THE STATE CHEMIST IS OUT ON
     VACATION LEAVE. GRANTED. NEW DATES: FCR: 9/20/17 AND JT: 9/26/17.
15   09/20/2017          09/20/2017              STOKES RICHARD F
     FINAL CASE REVIEW:  DEFENDANT PLED GUILTY/SENTENCED
     PLEA AGREEMENT, TRUTH IN SENTENCING/GUILTY PLEA FORM, IMMEDIATE
     SENTENCING FORM, N/P REMAINING CHARGES.
     ATTY: CAPASSO CR: KH
16   01/18/2018          01/25/2018
     VIOLATION OF PROBATION REPORT FILED BY KELLIE MASSEY 567534.
     REQUESTING A CAPIAS. SENT TO CHAMBERS.
17   01/22/2018          01/25/2018              STOKES RICHARD F
     CAPIAS ISSUED FOR VIOLATION OF PROBATION.
     $8000.00 CASH ONLY.
18   02/01/2018          02/01/2018
     CASH BAIL REFUND IN THE AMOUNT OF $2,700. TO: AMERICAN FUNDING
     CHECK #6105.

State of Delaware v.  MICHAEL C STELLJES                    DOB: 09/09/1989
State's Atty: AMANDA R NYMAN , Esq.        AKA: MICHAEL STELLJES
Defense Atty:                                  MICHAEL S STELLJES

No.   Event Date      Docket Add Date                Judge
      Event
-----------------------------------------------------------------------------
19   02/14/2018        02/14/2018               HOWARD ALICIA B.
     CAPIAS RETURN - NON-TRIABLE PENDING
     CASH BAIL                            8,000.00 100%
     DEFENDANT SCHEDULED FOR VOP HEARING ON 2/23/18 AT 9:30AM BEFORE JUDGE
     STOKES.
20   02/14/2018        02/16/2018
     LETTER FROM CHAMBERS TO DEFENDANT.
     RE: VOP HEARING SCHEDULED FOR 2/23/2018 @ 9:00 A.M.
21   02/23/2018        02/23/2018               STOKES RICHARD F
     VIOLATION-OF-PROBATION HEARING:  DEFENDANT FOUND IN
     VIOLATION.SENTENCING DEFERRED.SENTENCING DATE:
     DEFENDANT TO HAVE A TASC EVALUATION
     SENTENCE DATE: 3/23/2018 AT 9:00
     ATTY; MCLANE
     CR: KH
22   02/23/2018        02/23/2018
     ADVICE REGARDING APPEAL FROM VOP HEARING FILED MR. MCLANE, ESQ
23   02/23/2018        02/23/2018               STOKES RICHARD F
     ORDER: NOW THIS 23RD DAY OF FEBRUARY, 2018, THE DEFENDANT WAS BEFORE
     THE COURT THIS DATE FOR A VIOLATION OF PROBATION HEARING IN THE
     ABOVE CAPTIONED CASE; AND WHEREAS, THE DEFENDANT WAS FOUND TO BE IN
     VIOLATION OF PROBATION, BOND WAS REVOKED, AND IT IS HEREBY ORDERED
     THAT TASC SHALL EVALUATE THE DEFENDNATN FOR TREATMENT NEEDS AND REPORT
     TO THE COURT AT SENTENCING ON FRIDAY, MARCH 23, 2018 AT 9:30 A.M
     IT IS SO ORDERED.
24   02/23/2018        02/23/2018
     LETTER FROM CHAMBERS TO DEFENDANT RE: DEFENDANT VOP SENTENCING ON
     3/23/2018 AT 9:30 A.M
25   03/23/2018        03/23/2018               STOKES RICHARD F
     SENTENCING CALENDAR: DEFENDANT SENTENCED.
     ATTY; ROBINSON
     CR: KH
26   03/23/2018        03/23/2018
     ADVICE REGARDING APPEAL FROM VOP HEARING FILED BY ROBERT ROBINSON,ESQ
27   03/23/2018        04/04/2018
     DEFENDANT ENTERS INTO THE DRUG COURT PROGRAM.
33   04/04/2018        04/25/2018               STOKES RICHARD F
     CORRECTED SENTENCE FILED. NOW THIS 4TH DAY OF APRIL, 2018, THE SENT
     ORDER IS HEREBY CORRECTED TO REMOVE THAT THE DEFENDANT WAS DEEMED A
     HABITUAL OFFENDER, WHICH WAS ERRONEOUSLY ADMITTED ON THE ORDER DATED
     9/20/2017. ALL PREVIOUS TERMS AND CONDITIONS WILL REMAIN IN EFFECT.
28   04/06/2018        04/06/2018               HOWARD ALICIA B.

State of Delaware v.   MICHAEL C STELLJES                    DOB: 09/09/1989
State's Atty: AMANDA R NYMAN , Esq.            AKA: MICHAEL STELLJES
Defense Atty:                                       MICHAEL S STELLJES

No.    Event Date      Docket Add Date                 Judge
       Event
-------------------------------------------------------------------------------
       ADMINISTRATIVE WARRANT FILED IN SUPERIOR COURT.
       PROBATION OFFICER:
       BAIL HEARING HELD THIS DATE AND BAIL SET ON VOPS AS FOLLOWS:
       BAIL SET:  HELD WITHOUT BAIL
       VOP HRNG. ON 4/19/18 AT 1:30 P.M. BEFORE JUDGE STOKES.
29    04/06/2018            04/06/2018
       VIOLATION OF PROBATION REPORT FILED BY DOREEN WILLIAMS 584905.
30    04/06/2018            04/06/2018
       LETTER FROM CHAMBERS TO DEFENDANT.
       RE: ADVISING OF VOP HEARING SCHEDULED FOR 4/19/18 @ 1:00 P.M.
31    04/19/2018            04/19/2018                  STOKES RICHARD F
       VIOLATION-OF-PROBATION HEARING:   DEFENDANT FOUND IN
       VIOLATION.SENTENCED.
       ATTY: ROBINSON
       CR; KH
32    04/19/2018            04/19/2018
       ADVICE REGARDING APPEAL FROM VOP HEARING FILED BY ROBERT ROBINSON, ESQ
34    07/09/2018            07/09/2018                  STOKES RICHARD F
       MOTION FOR REDUCTION OF SENTENCE FILED BY DEFENDANT.
35    07/13/2018            07/16/2018                  STOKES RICHARD F
       MOTION FOR REDUCTION OF SENTENCE DENIED.
       IT IS SO ORDERED
36    08/10/2018            08/13/2018                  STOKES RICHARD F
       MOTION FOR REDUCTION OF SENTENCE FILED BY DEFENDANT.
37    08/15/2018            08/17/2018                  STOKES RICHARD F
       MOTION FOR REDUCTION OF SENTENCE DENIED.
       IT IS SO ORDERED.
38    08/30/2018            08/30/2018
       MOTION FOR POSTCONVICTION RELIEF FILED BY DEFENDANT.
       R1

                *** END OF DOCKET LISTING AS OF  11/13/2018 ***
                     PRINTED BY: CSCTSAN

State of Delaware v.   MICHAEL C STELLJES                    DOB: 09/09/1989
State's Atty: , Esq.                      AKA: MICHAEL STELLJES
Defense Atty: DEFENDER PUBLIC , Esq.          MICHAEL STELLJES
                                              MICHAEL STEELJES
                                              MICHAEL S STELLJES

Assigned Judge:

Charges:

| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 1801003194 | MK18021369 | SHOPLIFT <1500 | DISM | 07/30/2018 |

| No. | Event Date | Docket Add Date | Judge |
|-----|------------|-----------------|-------|
|     | Event      |                 |       |

02/22/2018          02/22/2018
   CASE FILED ON 02/21/2018;  ARREST DATE 01/09/2018
   ARRAIGNMENT SCHEDULED FOR  04/25/2018 AT 01:00 PM
   RELEASED/OWN RECOG.                        0.00
      MK18021369    DE11084000A1   SHOPLIFT <1500
04/24/2018          04/24/2018
   ARRAIGNMENT SCHEDULED FOR 04/25/2018 AT 09:00 AM
04/24/2018          04/24/2018
   CASE MOVED  TO ANOTHER CALENDAR FOR CONSOLIDATION/JUDICIAL REVIEW
   PURPOSES
04/27/2018          04/27/2018
   DEFENDANT PLED NOT GUILTY AND DEMANDED JURY TRIAL.
04/27/2018          04/27/2018
   JURY TRIAL CASE REVIEW SCHEDULED FOR 06/20/2018
     AT 09:00 AM
06/13/2018          06/13/2018
   CASE MOVED  TO ANOTHER CALENDAR FOR CONSOLIDATION/JUDICIAL REVIEW
   PURPOSES
06/20/2018          06/20/2018
   DEFENDANT REJECTED PLEA OFFER.
06/20/2018          06/20/2018
   JURY TRIAL SCHEDULED FOR 07/30/2018 AT 09:00 AM
07/30/2018          07/30/2018                 REIGLE ANNE HARTNETT
   CASE DISMISSED UNDER RULE 48(B) ON 7/30/18 AS TO
   18-02-1369.
   JUDGE/REIGLE   DAG/K.SMITH   PD/MATONI

            *** END OF DOCKET LISTING AS OF  11/13/2018 ***
                PRINTED BY: CSCTSAN


                     "Exhibit B"

State of Delaware v.  MICHAEL C STELLJES                    DOB: 09/09/1989
State's Atty: , Esq.                    AKA: MICHAEL STELLJES
Defense Atty: DEFENDER PUBLIC , Esq.         MICHAEL STELLJES
                                             MICHAEL STEELJES
                                             MICHAEL S STELLJES


Assigned Judge:

Charges:
| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|---|---|---|---|---|---|
| 001 | 1802008651 | MK18021096 | POSS DRUG PARAP | NOLP | 07/30/2018 |

| No. | Event Date | Docket Add Date | Judge |
|---|---|---|---|
| | Event | | |

02/20/2018          02/20/2018
  CASE FILED ON 02/16/2018;  ARREST DATE 02/13/2018
  ARRAIGNMENT SCHEDULED FOR  04/25/2018 AT 01:00 PM
  RELEASED/OWN RECOG.                      0.00
     MK18021096    DE164771000a   POSS DRUG PARAP
04/24/2018          04/24/2018
  ARRAIGNMENT SCHEDULED FOR 04/25/2018 AT 09:00 AM
04/24/2018          04/24/2018
  CASE MOVED TO ANOTHER CALENDAR FOR CONSOLIDATION/JUDICIAL REVIEW
  PURPOSES
04/27/2018          04/27/2018
  DEFENDANT PLED NOT GUILTY AND DEMANDED JURY TRIAL.
04/27/2018          04/27/2018
  JURY TRIAL CASE REVIEW SCHEDULED FOR 06/20/2018
    AT 09:00 AM
06/20/2018          06/20/2018
  DEFENDANT REJECTED PLEA OFFER.
06/20/2018          06/20/2018
  JURY TRIAL SCHEDULED FOR 07/30/2018 AT 09:00 AM
07/30/2018          07/30/2018                REIGLE ANNE HARTNETT
  NOLLE PROSEQUI ENTERED ON 7/30/18 AS TO 18-02-1096.
  JUDGE/REIGLE   DAG/K.SMITH  PD/MATONI

            *** END OF DOCKET LISTING AS OF  11/13/2018 ***
                PRINTED BY: CSCTSAN




                    "Exhibit C"